PEOPLE v ROBINSON

CRIMINAL LAW—MANSLAUGHTER—REMAND—RES GESTAE WITNESS—
    HEARING—APPEAL AND ERROR.
    Decision of the Michigan Court of Appeals granting the people's
    motion to affirm a conviction of manslaughter should be af-
    firmed where the case was remanded to the trial court for an
    evidentiary hearing to examine a possible res gestae witness
    regarding his knowledge of the crime of which the defendant
    was convicted and the judge did not order a new trial after he
    concluded from the testimony at such hearing: (1) that the
    alleged res gestae witness was at or near the door of the bar in
    question immediately prior to the fatal stabbing; (2) that he did
    not see the stabbing occur; and (3) that he could not or would
    not offer any testimony at a retrial of this cause which would
    differ in any material respects from that adduced at the first
    trial.

Appeal from Court of Appeals, Division 1,
Quinn, P. J., and McGregor and Bronson, JJ., af-
firming Recorder's Court of Detroit, Richard D.
Dunn, J. Submitted October 2, 1973. (No. 2 Octo-
ber Term 1973, Docket No. 54,762.) Decided May
21, 1974.

Ronald G. Robinson was convicted of manslaugh-
ter. Defendant appealed to the Court of Appeals.
The people's motion to affirm granted. Defendant
appealed to the Supreme Court. Remanded to
Recorder's Court of Detroit for an evidentiary
hearing and jurisdiction retained. 390 Mich 629.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur 2d, Homicide §§ 331–336.

*Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Gerard A.
Poehlman,* Assistant Prosecuting Attorney, for the
people.

*State Appellate Defender Office* (by *Judith K.
Munger),* for defendant on appeal.

M. S. COLEMAN, J. Upon order of this Court
dated December 18, 1973, the instant matter was
remanded to Recorder's Court for the City of De-
troit for an evidentiary hearing, 390 Mich 629; 213
NW2d 106.

Specifically, the order read as follows:

"In order to prevent what might possibly be a useless
new trial, but also in order to avoid a possible miscar-
riage of justice, we retain jurisdiction and remand to
the trial court pursuant to GCR 1963, 865.1(5). It shall
be the obligation of the judge to require the prosecutor
to produce or explain why he cannot produce Eugene
Smith at such hearing and why he was not indorsed
and produced at the trial. If Eugene Smith is produced
he shall be examined regarding his knowledge of the
crime of which the defendant was convicted.

"At the conclusion of the remand hearing, the trial
judge shall take such action as he deems required. If a
new trial is not ordered, the trial judge shall state his
findings and the transcript of that hearing and the
judge's statements shall be forwarded to this Court.
Defendant may file a supplemental brief within 30 days
and the people within 20 days after receipt of the
defendant's brief."

Eugene Smith was produced at the required
evidentiary hearing on February 11, 1974 and the
judge drew the following factual conclusions from
the testimony therein:

"1. That the alleged res gestae Smith was at or near

the door of the bar in question immediately prior to the fatal shooting *[sic]*;

"2. That he did not see the stabbing occur;

"3. That he could not or would not offer any testimony at a re-trial of this cause which would differ in any material respects from that adduced at the first trial."

A new trial was not ordered. The transcripts and findings have been duly filed but no additional briefs were forthcoming. The respective parties have in writing stated their intention to file no supplemental briefs, counsel for the defendant having outlined a considerable but unsuccessful effort to produce and present additional arguments on behalf of Mr. Robinson.

Consistent with the findings of the trial court, the decision of the Court of Appeals is affirmed.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, and LEVIN, JJ., concurred with M. S. COLEMAN, J.

J. W. FITZGERALD, J., did not sit in this case.