PEOPLE v SAUNDERS

Opinion of the Court

1. Witnesses—Criminal Law—Res Gestae Witnesses—Cumulative Testimony—Outcome of Trial.

A trial court's determination at an evidentiary hearing that the testimony of a res gestae witness, who was not called at trial because the prosecutor did not exercise due diligence, would not have affected the outcome of the trial because it merely corroborated in all pertinent parts the basic testimony of other prosecution witnesses who did appear, should be upheld on appeal where it is clear that the testimony would have been merely cumulative and would not have aided the defendant.

Dissent by R. E. Noble, J.

2. Witnesses—Criminal Law—Res Gestae Witnesses—Indorsement —Cumulative Testimony—Same Events—Further Assistance—Jury.

*An exception is made to the rule that all res gestae witnesses must be indorsed on the information and produced at trial where a witness's testimony would be merely cumulative, but the fact that a witness will give testimony about the same events that another witness has testified about does not make the second witness's testimony cumulative; only when testimony can offer no further assistance to a jury in determining what transpired can it be considered cumulative.*

3. Witnesses—Criminal Law—Res Gestae Witnesses—Evidentiary Hearings—Courts—Recognized Exceptions—Value of Testimony.

*Discrepancies in the testimony of two prosecution witnesses concerning the details of an alleged robbery which might have led the jury to accept the defendant's claim that he was framed should have been presented to the jury and subjected to cross-examination; when the testimony of a res gestae witness who*

Reference for Points in Headnotes
[1–3] 29 Am Jur 2d, Evidence §§ 708, 713.

*was not produced at trial is taken at an evidentiary hearing, the court should decide only whether a recognized exception to the res gestae rule excused the prosecutor's nonproduction of the witness at trial, not the value of the testimony given.*

Appeal from Recorder's Court of Detroit, Susan D. Borman, J. Submitted January 7, 1976, at Detroit. (Docket No. 21029.) Decided April 26, 1976. Leave to appeal applied for.

Dwight Saunders was convicted of larceny from a person. Defendant moved for a new trial. Motion denied. Defendant appealed. Remanded for rehearing on the motion for new trial. Motion denied on rehearing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Frank D. Eaman,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and QUINN and R. E. NOBLE,* JJ.

J. H. GILLIS, P. J. A jury found defendant, charged with armed robbery, guilty of larceny from a person, MCLA 750.357; MSA 28.589. He received a sentence of 3-1/2 to 10 years imprisonment. On defendant's motion, this Court ordered a remand for a rehearing, in accordance with *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), to determine whether a new trial should be granted for failure of the prosecution to produce a res

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

gestae witness at trial. From the trial court's denial of a new trial, defendant appeals.

At trial the complaining witness, Ann Baker, testified that defendant held a knife against her back and took her purse containing $40 as she was carrying her wash from a Detroit laundry. Her son, James, although he did not see a knife, substantially corroborated his mother's testimony. Ann Baker's sister, Zinnia Baker, was helping Ann carry the laundry at the time of the alleged robbery. She was indorsed on the information but not produced at trial. At trial the court found that the prosecutor did not exercise due diligence in his attempts to produce this res gestae witness.

Defendant claimed that he was falsely accused of robbery. Characterizing himself as a con artist, he testified that he had tricked Ann Baker out of $40 by purporting to sell her a "hot" television in the alley behind the laundry. When the box supposedly containing a television was found to be empty, defendant alleges, Ann Baker invented a robbery to get even.

At the hearing on remand, Zinnia Baker offered extensive testimony concerning her recollection of the transactions involved on the day of the alleged robbery. She corroborated in all pertinent parts the basic testimony that her sister had previously given at trial. Minor inconsistencies between the sisters' testimony did occur, the same as they generally occur between any two eyewitnesses. For example, the precise point where the defendant first appeared with the knife was inconsistent in minor details. There was a minor inconsistency as to whether or not a telephone call was immediately made by one of the sisters or was made a few minutes later. The trial court concluded that because the conflicts involved minor incidental mat-

ters, "it would not affect the outcome of the case no matter whose testimony of the two was believed in this regard".

Having read the transcripts of the testimony taken at the remand, we are convinced that the trial court was correct in this determination. It is rather clear to the majority of this panel that the witness's testimony was cumulative and not only would not have aided the defendant, but such testimony would have been beneficial to the prosecution.

We, therefore, conclude that Zinnia Baker's testimony was cumulative and there was no miscarriage of justice.

Affirmed.

QUINN, J., concurred.

R. E. Noble, J. *(dissenting).* I respectfully dissent.

Taking into consideration the theory defendant offered at trial and the purpose in requiring the production of res gestae witnesses, I must conclude that the trial court erred in not granting defendant a new trial. The purpose of the rule requiring indorsement and production of res gestae witnesses is to protect defendant against false accusations. *People v Harrison,* 44 Mich App 578, 588; 205 NW2d 900 (1973). While an exception to the res gestae rule is made where a witness's testimony is cumulative, this court looks carefully at trial court rulings excusing nonproduction of a res gestae witness on this ground. *People v Harrison, supra,* 590. In the credibility battle that developed at trial, Zinnia Baker's testimony would not have been cumulative.

The fact that a witness gives testimony about the same events that another witness has testified

about does not make the second witness's testimony cumulative. *People v Castelli*, 370 Mich 147; 121 NW2d 438 (1963). Only when testimony can offer no further assistance to a jury in determining what transpired can testimony be considered cumulative.

For defendant to have had a fair trial, the testimony of both Ann and Zinnia Baker should have been presented to the jury and subjected to cross-examination. Discrepancies in the sisters' depictions of the surrounding facts might have led the jury to accept defendant's claim that a robbery never took place and that he was framed. Defendant's version might have appeared more credible to the jury had they been confronted with the inconsistencies between the sisters' stories.

The trial court, by weighing the testimony offered at the evidentiary hearing, mistook its function. It should not have attempted to determine the value of the testimony given. When a res gestae witness testifies at the hearing, the court should only decide whether a recognized exception to the res gestae rule excused the prosecutor's nonproduction of the witness at trial.