PEOPLE v HINTZ

1. ARREST—ARREST WITHOUT WARRANT—FELONY—REASONABLE CAUSE
   —STATUTES.

   A police officer may arrest a person without a warrant when he
   has reasonable cause to believe a felony has been committed
   and reasonable cause to believe the person committed the
   felony (MCLA 764.15[d]).

2. ARREST—ARREST WITHOUT WARRANT—FELONY—PROBABLE CAUSE.

   A police officer has probable cause to believe a felony has been
   committed, sufficient for an arrest without a warrant, where
   the officer at the moment of arrest possesses facts and circum-
   stances within his knowledge, or trustworthy information from
   a reliable informant, which would allow a prudent man to
   believe a felony has been committed.

3. ARREST—ARREST WITHOUT WARRANT—FELONY—DRUGS AND NAR-
   COTICS—ANONYMOUS INFORMANT—REASONABLE CAUSE.

   An arrest based solely on an anonymous informant's tip does not
   provide a police officer with reasonable cause to act without a
   warrant, but the officer may proceed to a lawful arrest if he has
   additional substantiating information; an officer had reasonable
   cause to believe that a felony, the sale, use and possession of a
   controlled substance, was being committed in an apartment,
   where the officer had a tip from an informant who said he had
   just left the apartment, the informant had given reliable infor-
   mation on two prior occasions, the officer field tested a packet

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 5 Am Jur 2d, Arrest §§ 24, 32, 44 *et seq.*

[3] 5 Am Jur 2d, Arrest § 46.

[5] 5 Am Jur 2d, Arrest § 73.

   68 Am Jur 2d, Searches and Seizures §§ 37–40, 92–98.

   Modern status of rule as to validity of nonconsensual search and
seizure made without warrant after lawful arrest as affected by
lapse of work between, or difference in places of, arrest and
search. 19 ALR3d 727.

   Search and seizure: "furtive" movement or gesture as justifying
police search. 45 ALR3d 581.

[6] 29 Am Jur 2d, Evidence § 254.

given to him by the informant and found it contained drugs, and after the officer knocked on the apartment door he heard running feet.

4. Arrest—Probable Cause—Arrest Without Warrant—Drugs and Narcotics—Informant.

There was probable cause to arrest a defendant where the defendant was present in an apartment in which the police had reasonable cause to believe that drugs were being used, the police acted on a reliable informant's tip, a small number of persons were known to be present at the apartment and were reported to be using controlled substances, and the commission of a crime by defendant was a reasonable inference from his presence.

5. Searches and Seizures—Arrest—Police Inventory—Evidence.

Evidence seized from a defendant's person during an inventory of his personal belongings at a police station, after his lawful arrest, was properly confiscated and was admissible at trial.

6. Criminal Law—Evidence—Chain of Custody—Weight—Admissibility.

Conflicting testimony, in a trial for possession of cocaine, as to the location of the transfer of the cocaine and whether an envelope was used to enclose the cocaine are objections that are properly directed to the weight of the evidence rather than its admissibility where a chain of custody for the evidence was established.

Appeal from Midland, James R. Rood, J. Submitted Division 3 December 9, 1974, at Lansing. (Docket No. 18845.) Decided June 23, 1975.

Lawrence L. Hintz was convicted of possession of cocaine. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward G. Durance,* Prosecuting Attorney, and *Gerald L. White,* Assistant Prosecuting Attorney, for the people.

*Wilson & Stone,* for defendant.

Before: Danhof, P. J., and Bashara and Allen, JJ.

Bashara, J. Defendant was found guilty in a bench trial of possession of cocaine, MCLA 335.341(4)(b); MSA 18.1070(41)(4)(b), and appeals.

On October 17, 1972, detective John Lapp, Jr., learned from an informant that drugs were being sold at the apartment of one Marlene Killinger. A search warrant was obtained and the apartment raided. Defendant, who was visiting the apartment, was arrested on suspicion of violating the narcotics laws, and taken into custody. During an inventory search at the jail, a small packet, later determined to contain cocaine, was found on defendant's person.

Defendant and other persons arrested in the "raid" were brought before a visiting district court judge for a preliminary examination. At that proceeding, the search warrant was invalidated because the affidavit attached to the warrant was not subscribed and sworn prior to the warrant being issued. It was later signed before an assistant prosecutor. The judge also found the warrant invalid because it did not contain a sufficient description of the apartment to be searched.[1] The court after making this finding did not consider the other issues raised. The hearing was adjourned and resumed at a later date before a regular Midland County District Judge.

Defendant challenges his conviction arguing that (1) since the search warrant was invalid, his arrest was illegal as not being supported by proba-

[1] We ordered this cause remanded for the production of the initial preliminary examination. If the examining magistrate in that proceeding invalidated the warrant for the reason that there was no probable cause for its issuance, then the people's contention that the officer had probable cause to arrest independent of the warrant would be untenable.

ble cause; (2) the illegal arrest tainted the subsequent inventory search; and (3) the prosecutor at trial did not establish a sufficient chain of custody of the evidence as to the cocaine.

The people argue that even though the search warrant was invalid, the officer had probable cause to arrest independent of the warrant because there was reasonable cause to believe a felony was being committed.[2] We believe we must analyze this contention, for if the people's argument prevails, defendant's first two issues raised on appeal will be without merit.

At the preliminary examination and at trial Officer Lapp testified that between 7:20 and 7:30 p.m. a reliable informant, who had given him verified information on at least two prior occasions, told him that he had just left the Killinger apartment and that heroin and marijuana were being sold and used. The informant then gave Detective Lapp a small packet. He performed a field test and found that it contained a controlled substance. The informant also told Lapp the names of some of the persons who were in the apartment. Lapp did not recall if the defendant's name was given but did recall the informant stated he purchased the small packet from one Mr. Bogel. Officer Lapp also learned from the informant that Bogel's girlfriend, Ms. Killinger, and a number of other persons, were possessing and using heroin and marijuana within the apartment. Lapp and other officers returned to the Killinger apartment at about 8:30 p.m. They knocked on the door, announced their identity and demanded admittance. There was no response. Again the police announced their presence at which time the offi-

---

[2] Our Supreme Court in *People v Burrill,* 391 Mich 124, 136; 214 NW2d 823 (1974), has recognized that even if an arrest warrant is invalid, a police officer may still have probable cause to arrest.

cers heard running feet. They broke down the door and placed defendant and the others under arrest.[3]

MCLA 764.15(d); MSA 28.874(d), allows a police officer to arrest a person without a warrant when he has reasonable cause to believe a felony has been committed .and reasonable cause to believe the arrested person committed it. If the people's theory is to prevail, both prongs of the statute must be satisfied. We must first determine whether there was probable cause to believe a felony was committed. The standards are fairly well defined. The officer at the moment of the arrest must possess facts and circumstances within his knowledge or trustworthy information from a reliable informant which would warrant a prudent man to believe a felony had been committed. Only where the informant's tip is the basis of the information and is factually inadequate, is independent police corroboration required. *Draper v United States,* 358 US 307; 79 S Ct 329; 3 L Ed 2d 327 (1959), *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969), *People v Williams,* 368 Mich 494; 118 NW2d 391 (1962), *People v Wolfe,* 5 Mich App 543; 147 NW2d 447 (1967).

In *People v Wilson,* 8 Mich App 651; 155 NW2d 210 (1967), our Court in an opinion by Judge, now Justice, Fitzgerald, found that an arrest based solely on an anonymous informant's tip does not provide an officer with reasonable cause to act without a warrant. However, the Court concluded that if an officer has additional substantiating information, he may proceed to a lawful arrest.

We find that the police did not act on an unsubstantiated informant's tip. The informant on at

[3] The record is not clear whether the officers, once having entered the apartment, saw illegal substances in plain view or only found the drugs after a search.

least two prior occasions had given reliable information. In addition, Detective Lapp field tested the packet given him by the informant and after knocking on the apartment door he heard scurrying sounds. We believe, considering all the facts, Detective Lapp had reasonable cause to believe that a felony, the sale, use and possession of heroin, was being committed at the Killinger apartment.

We must now determine if there was reasonable cause to believe defendant committed a felony. Defense counsel has made much of the fact that Detective Lapp could not recall if the informant mentioned defendant as being present or one participating in the illegal activities. Defense counsel appears to contend that even if the police had probable cause to enter the apartment there was no probable cause to believe defendant committed a felony. Thus, defendant argues that the inventory proceeding was invalid.

The second requirement of MCLA 764.15(d); MSA 28.874(d), is that a police officer arresting without a warrant have probable cause to believe defendant committed a felony. In analyzing this aspect of the question presented, we must determine whether defendant's presence at the Killinger apartment gave the officers probable cause.

Our Supreme Court in *People v Harper*, 365 Mich 494, 500; 113 NW2d 808 (1962), in analyzing a similar claim stated:

"Defendant leans heavily upon the sparcity of facts about Harper then known to the sergeant. He knew only that Harper was a friend of Reich, possibly a roommate; that they played together in an orchestra; and that Harper's car was seen frequently near Reich's apartment. This much the record discloses he knew about Harper before even meeting him, but not to be

overlooked is what he learned, or had reasonable cause to believe, about Harper immediately before the arrest. He knew, because he heard Reich tell the undercover agent, that Harper had accompanied Reich to Ann Arbor that evening to check on some friends who had been arrested. He knew that the trip was taken after the undercover agent had received delivery of marijuana from Reich for which Reich expected to be paid at the time of the arrests. We think he was entitled to infer that, under such circumstances, Reich hardly would be at that time in the company of Harper if Harper were not also involved in Reich's illegal activity. Add to that, Harper's presence within viewing and hearing distance when Reich received payment for the marijuana from the undercover agent and nothing could be more reasonable than belief in Harper's complicity with Reich. *We measure this belief by circumstances existing at the time of arrest and included among the circumstances to be considered are the actions of third parties present from which the arresting officer is entitled to draw reasonable inferences. This is not to suggest that mere presence with a felon at the time of his arrest subjects one to arrest also, but it does suggest that we will not isolate facts or beliefs from their surrounding circumstances in determining the existence of what has come to be called probable cause for arrest without a warrant.* (Emphasis supplied.)

In *People v DeGraffenreid,* 19 Mich App 702, 708, n 2; 173 NW2d 317 (1969), Judge, now Justice, LEVIN stated that "While mere presence, even with knowledge that a criminal offense is about to be or is being committed, is not enough to support a conviction of a person as an aider or abettor under the statute * * * ; see *People v Burrell,* 253 Mich 321 [235 NW 170 (1931)], such presence is enough to establish probable cause justifying an arrest."

The validity of defendant's arrest depended upon the particular facts confronting the arresting officer. In this cause, the police acted on a reliable

informant's tip. The police knew there were a small number of persons present at the Killinger apartment who were reported to be using controlled sustances. Although defendant was not specifically named by the informant, the police were entitled to draw reasonable inferences from defendant's presence. He was legally arrested. We are not indicating that defendant's mere presence would have supported a conviction, but only that there was probable cause to arrest. See Justice LEVIN's dissent in *People v Valot,* 33 Mich App 49, 54; 189 NW2d 873 (1971).

Having found that defendant's arrest was lawful, the evidence seized from his person during the inventory of his personal belongings at the police station was properly confiscated and was admissible. *United States v Edwards,* 415 US 800; 94 S Ct 1234; 39 L Ed 2d 771 (1974).

Defendant finally contends that a sufficient chain of custody for the admission of the cocaine found on his person was never established. Despite the minor discrepancies in the police officer's testimony, it is clear a chain of control of the evidence was established. The cocaine passed from Officer Biggs, who discovered it, to Detective Lapp and then to Officer Bush. The only factual dispute is whether Officer Bush received the substance at the Killinger apartment or at the police station, and whether the tinfoil packet was enclosed within an envelope. These questions do not affect the admissibility of the exhibit, they go only to the weight to be accorded it. *People v Bennett,* 52 Mich App 742; 218 NW2d 407 (1974).

Affirmed.