PEOPLE v GREEN

OPINION OF THE COURT

1. ARREST—ARREST WITHOUT WARRANT—FELONY—PROBABLE CAUSE—
   STATUTES.

   A police officer may make an arrest without an arrest warrant
   where the officer has reasonable cause to believe that a felony
   has been committed and reasonable cause to believe that the
   person arrested committed it; where a police officer knew that a
   robbery-murder had taken place a few hours prior to the time
   of the defendant's arrest, the license number of the car used by
   the perpetrators, that two black males of similar description
   were the perpetrators, that the car used by the perpetrators
   was registered to an individual who was allegedly "running
   with" the defendant, and there had been two pistols used in the
   perpetration of the crime, the police officer had probable cause
   to arrest the defendant and the two other people present at the
   address of the person in whose name the car was registered,
   since all three fit the general description of the perpetrators
   and there were two pistols lying in the view of the officer as he
   entered the apartment (MCLA 764.15[d]; MSA 28.874[d]).

2. CRIMINAL LAW—EVIDENCE—CONFESSION—ADMISSIBILITY—ILLEGAL
   ARREST—VOLUNTARINESS OF CONFESSION—TRIAL COURTS.

   The Court of Appeals need only rule that a confession of a
   defendant, which was claimed to be inadmissible as the fruit of
   an illegal arrest, was not inadmissible because of an illegal
   arrest, since the arrest was proper; the issue of the voluntari-
   ness of the confession will be for the trial court to decide on
   remand.                                              .

DISSENT BY R. B. BURNS, J.

3. ARREST—ARREST WITHOUT WARRANT—MERE SUSPICION—PROBABLE
   CAUSE.
   *An arrest, with or without a warrant, must stand upon firmer*

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 5 Am Jur 2d, Arrest §§ 24, 32.
[2] 29 Am Jur 2d, Evidence §§ 545–549.

*ground than mere suspicion; therefore, an arrest of a defendant based upon facts which would have been insufficient to establish probable cause for an arrest warrant, had the arresting officer sought a warrant, was an improper arrest without warrant, and the order of the lower court quashing the information against the defendant should be affirmed.*

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted May 7, 1976, at Detroit. (Docket No. 26578.) Decided July 21, 1976. Leave to appeal applied for.

Edmond Green was charged with felony murder and armed robbery. Defendant's motion to quash the information was granted. The people appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Ward F. McDonough,* for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant, Edmond Green, and a co-defendant, Donald Thomas, were charged with felony murder, MCLA 750.316; MSA 28.548, and armed robbery, MCLA 750.529; MSA 28.797. On February 28, 1975, an examination was held before the Honorable Dalton A. Roberson and both defendants were bound over as charged. Subsequently Donald Thomas pled guilty on June 17, 1975, to murder in the second degree and was sentenced on July 8, 1975, to 20 to 30 years imprisonment. At a pretrial motion held on June

13, 1975, the trial judge, the Honorable Henry Heading, quashed the information and suppressed defendant's confession.

Thereafter a new complaint and warrant were issued by the Honorable Samuel Brezner and a preliminary examination was conducted before the Honorable John P. O'Brien sitting in as the examining magistrate on June 24, 1975. The defendant was bound over for trial. The case was again assigned to Judge Henry Heading who thereafter granted defendant's motion to quash the information and suppress the confession on November 25, 1975, due to a lack of probable cause for arrest. The people appeal from this ruling.

At the preliminary examination conducted on June 24, 1975 the following testimony was given. Sergeant Richard Davies of the Homicide Division, Squad 7, testified that on February 16, 1975, at 8 a.m. he learned of the robbery-murder which occurred 5-1/2 hours before, at 2:30 a.m. He learned of the license number of the car used in the robbery as well as the fact that there were two perpetrators and he had a general description of them. The description of the men he received in the police reports of the robbery murder was that "one of the men, that was a black male in his twenties, one of them was approximately six foot, one, medium build, medium afro, medium complexion and the other man was the same age, a little shorter than the six foot-one man".

Officer Davies further testified that he learned through the Secretary of State that the car was registered to Donald Thomas, at the address of 58 Tyler, Highland Park. He went to that address where he spoke to a citizen, Robert Green, who had indicated that Donald Thomas did not live there. Sergeant Davies then proceeded to the Highland Park Police Station where he made an

inquiry in an effort to locate the whereabouts of Donald Thomas and learn the identity of his associate. An acquaintance of Donald Thomas was incarcerated in the Highland Park Police Station at the time and he informed Sergeant Davies that Thomas lived at 224 Cortland and he identified the location of the apartment. The acquaintance informed Sergeant Davies that Thomas was "currently running with a man named Edmond Green".

The officers proceeded immediately to the above address where they observed the Ford Pinto with license number TYK-552 which fit the information related by the eyewitnesses to the robbery-murder. When they knocked on the apartment door a man later identified as Ronald Thomas indicated that Donald Thomas was there. Inside the officers observed Donald Thomas standing in his underclothes and Edmond Green, defendant, also in his underclothes, lying down on the couch. The officers observed two pistols lying on a bed immediately to the left of the door. Sergeant Davies also testified that he had prior knowledge that two pistols had been used in the robbery-murder.

Officer Davies testified that all three men matched the general description he had received. All three men were arrested. The men were taken to the Police Headquarters, Homicide Section. Defendant Green was informed of his constitutional rights prior to questioning at the Police Headquarters. Defendant Green then confessed to the commission of the crime.

On appeal, prosecution argues that sufficient probable cause was established and that the trial court reversibly erred in quashing the information against defendant. We agree.

The statute relating to arrest in the State of

Michigan allows the police to place a person in custody without a warrant where "he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person committed it". MCLA 764.15(d); MSA 28.874(d). *People v Hintz,* 62 Mich App 196, 200, 201–202; 233 NW2d 228 (1975).

At the moment of the arrest, the record discloses Officer Davies possessed the following facts: he knew a robbery-murder took place on February 16, 1975, at 2:30 a.m. He knew the license number of the automobile used in the robbery. He knew that two men perpetrated the robbery-murder and that the men were black males who looked approximately the same, one being about six foot one in height, the other a little shorter. Both had medium builds, were in their 20's, had medium afro haircuts, and medium complexions. He ascertained the address of the person under whose name the suspect automobile was registered, Donald Thomas. He learned from an acquaintance of Donald Thomas that Thomas was "running with Edmond Green". He went to the address where Thomas was believed to be and saw the suspect automobile parked outside. He was admitted to the apartment by a man later identified as Ronald Thomas. Defendant and Donald Thomas were present inside. He entered the apartment and saw two pistols lying on a stand. He knew pistols were used in the robbery-murder.

Officer Davies took all three men into custody. We believe sufficient facts existed upon which the officer could justify an arrest. *People v Gunn,* 48 Mich App 772; 211 NW2d 84 (1973). In *Gunn,* several persons found in defendant's house were arrested along with defendant on a first-degree murder charge upon the "honest belief that an

offense had been committed and that one or more occupants" present had perpetrated the crime. *Id,* at 778. The situation here is not distinguishable when one or more of the occupants in Thomas's apartment were reasonably believed to have committed the felony. The arrest was not illegal there. Neither was it here.

Having determined the arrest was proper, we need only rule that the confession would not be inadmissible because of an illegal arrest. We would leave any issue as to its voluntariness to the trial court. *People v Walker,* 374 Mich 331; 132 NW2d 87 (1965).

Therefore, we reverse the magistrate's decision to quash the information and suppress the confession on grounds of an illegal arrest and remand for trial.

T. M. Burns, P. J., concurred.

R. B. Burns, J. *(dissenting).* The people appeal from the grant of defendant's motion to quash the information and suppress his confession. I would affirm.

The preliminary examination testimony of Sergeant Davies, the arresting officer, reveals the information upon which he effected defendant's arrest. He testified that on February 16, 1975, at 8 a.m. he learned of a robbery murder which had occurred 5-1/2 hours before, at 2:30 a.m. Eyewitness information revealed that the perpetrators had fled in a Ford Pinto, license number TYK-552. Sergeant Davies testified as to the general description of the perpetrators as contained in the police report: "[O]ne of the men, that was a black male in his twenties, one of them was approximately six foot, one, medium build, medium afro, medium complexion and the other man was

the same age, a little shorter than the six foot one man."

Sergeant Davies further testified that he learned from the Secretary of State that the car was registered to a Donald Thomas, at the address of 58 Tyler, Highland Park. He went to the address and spoke to a citizen who informed him that Donald Thomas did not live there. He then proceeded to the Highland Park Police Station in an effort to locate Donald Thomas and to learn the identity of his associate. An acquaintance of Donald Thomas was incarcerated in the police station at that time, and he informed the officer that Thomas lived at 224 Cortland. The acquaintance further informed the officer that Thomas was "currently running with a man named Edmond Green".

Officers proceeded immediately to this address and observed the suspect Ford Pinto. Their knock on the apartment door was answered by a man, later identified as Ronald Thomas, who indicated that Donald Thomas was there. Inside, the officers observed Donald Thomas standing in his underclothes and defendant, also in his underclothes, lying on the couch. The officers also observed two pistols lying on a bed immediately to the left of the door. Sergeant Davies testified that he had prior knowledge that two pistols had been used in the robbery-murder.

Sergeant Davies testified that all three men matched the general description that he had received. All three men were arrested and taken to police headquarters. Defendant was informed of his constitutional rights prior to questioning at headquarters. He then confessed to commission of the crime.

I cannot find probable cause for the arrest of

defendant. As noted by the United States Supreme Court in *Wong Sun v United States,* 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963), "It is basic that an arrest with or without a warrant must stand upon firmer ground than mere suspicion." 371 US at 479. Even if the police had probable cause to believe that Donald Thomas perpetrated the robbery-murder with another individual, this fact alone would provide insufficient justification for arresting anyone who happened to be in his apartment without some evidence linking that individual to the crime. The additional fact that the police heard that defendant was "running with" Donald Thomas does not supply probable cause. One's known acquaintance with a person suspected of a criminal activity would not "create an honest belief in the mind of a reasonably prudent man that an offense has been committed and that the person arrested committed it". *People v Gunn,* 48 Mich App 772, 777; 211 NW2d 84 (1973).

Neither does the sole additional fact that the three persons arrested fit the general description of the two people who committed the crime supply probable cause for arrest. That extremely general description would fit a sizable portion of the population of the City of Detroit.

In *Wong Sun, supra,* the Court further noted that:

"Whether or not the requirements of reliability and particularity of the information on which an officer may act are more stringent where an arrest warrant is absent, they surely cannot be less stringent than where an arrest warrant is obtained. Otherwise, a principal incentive now existing for the procurement of arrest warrants would be destroyed." 371 US at 479–480.

Sergeant Davies could not have obtained an arrest warrant for defendant on the information that he then had. I find no probable cause, and affirm.