PEOPLE v RIGSBY

Docket No. 31077. Submitted December 19, 1978, at Detroit.—Decided
August 21, 1979. Leave to appeal applied for.

Arthur Rigsby, Jr., was convicted of possession of burglar's tools,
Wayne Circuit Court, Charles Kaufman, J. The defendant
appeals, alleging that the instruction to the jury on the issue of
criminal intent was improper because the instruction allowed
the jury to convict the defendant under an aider and abettor
theory without a finding that he ever possessed any criminal
intent. *Held:*

There was insufficient evidence in support of the defendant's
liability as a principal offender and only circumstantial proof of
his intent or knowledge as an aider or abettor. The instruction
to the jury that the defendant or his codefendant could be
convicted where either of them intended the crime was im-
proper and prejudicial.

Reversed and remanded.

Bashara, J., dissented. He would hold that the trial judge
adequately instructed the jury as to the question of criminal
intent. He would affirm.

Opinion of the Court

1. Criminal Law — Possession of Burglar's Tools — Specific
Intent.
The offense of possession of burglar's tools is a specific intent
crime, for conviction of which it must be shown that a defen-
dant intended to employ the tools for an illegal purpose.

2. Criminal Law — Aiding and Abetting — Specific Intent.
The aider and abettor of a specific intent crime, if not himself
possessed of the requisite specific intent, must be shown to have

References for Points in Headnotes
[1, 4] 13 Am Jur 2d, Burglary §§ 74, 77.
  Validity, construction and application of statutes relating to bur-
  glars' tools. 33 ALR3d 798.
[2] 21 Am Jur 2d, Criminal Law § 123.
[3] 5 Am Jur 2d, Appeal and Error § 891.
[4] 13 Am Jur 2d, Burglary § 67.

rendered his aid and assistance to a principal actor with the knowledge that the principal himself possessed the intent necessary to be guilty of the crime.

3. APPEAL AND ERROR — INSTRUCTIONS TO JURY — FAILURE TO OB-
JECT.

The power of an appellate court to review jury instructions, in the absence of objection of counsel at trial, is discretionary and is to be used sparingly.

DISSENT BY BASHARA, J.

4. CRIMINAL LAW — POSSESSION OF BURGLAR'S TOOLS — INSTRUCTIONS
TO JURY — INTENT — AIDING AND ABETTING.

A trial judge adequately informed a jury on the issue of criminal intent necessary for the crime of possession of burglar's tools and a defendant's conviction should be affirmed, whether based on the theory that the defendant was a principal or on the theory that he was an aider and abettor to a codefendant, where in his instruction to the jury the judge stated that the prosecution had the burden of proving beyond a reasonable doubt 1) that the implement or device alleged to be a burglar's tool is a burglar's tool, 2) that the defendant or defendants knowingly possessed it, 3) that, at the time that the tool was possessed, the defendant knew that it was adapted and designed for the purpose of breaking and entering, and 4) that, at the time he possessed it, the defendant specifically intended to use it for breaking and entering a building, vault or other depository.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Walter J. Piszczatowski,* Assistant Prosecuting Attorney, for the people.

*Kim R. Fawcett,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BASHARA and ALLEN, JJ.

PER CURIAM. Arthur Rigsby, Jr., was convicted by a jury of possession of burglar's tools contrary

to MCL 750.116; MSA 28.311, in his trial with codefendant Benjamin Harrison Boone. The charge against each defendant was submitted to the jury on theories of both principal and aider and abettor liability. MCL 767.39; MSA 28.979. He was sentenced to imprisonment for a term of 2 to 10 years, and appeals of right.

The trial court instructed the jury regarding the elements of the principal offense, possession of burglar's tools, and the elements requisite to liability as an aider and abettor. The jury was instructed that the crime charged must have been committed by one of the defendants; that one or both of the defendants must have performed acts or given encouragement which aided or assisted the commission of the crime; and that "at least one of the defendants must have intended the commission of the crime charged at the time of giving the aid or encouragement".

The defendant contends that the instructions of the trial court were deficient with respect to the crucial element of criminal intent. He maintains that the instruction allowed the jury to convict him as an aider and abettor without finding that he ever possessed any culpable intent. We agree.

The offense of possession of burglar's tools is a specific intent crime, for conviction of which it must be shown that the defendant intended to employ the tools for the illegal purpose. *People v Dorrington,* 221 Mich 571, 574; 191 NW 831 (1923). The aider and abettor of a specific intent crime, if not himself possessed of the requisite specific intent, must be shown to have rendered his aid and assistance to the principal actor with the knowledge that the principal himself possessed the intent necessary to be guilty of the crime. *People v Gordon,* 60 Mich App 412; 231 NW2d 409 (1975), *lv*

*den* 397 Mich 884 (1976), *People v Poplar,* 20 Mich App 132; 173 NW2d 732 (1969). While the power of the appellate court to review jury instructions in the absence of objection of counsel is discretionary and is to be used "sparingly", *Hunt v Deming,* 375 Mich 581; 134 NW2d 662 (1965), we are presuaded that, in light of the insufficient evidence in support of the defendant's liability as a principal offender and the circumstantial proof of his intent or knowledge as an aider and abettor, the instruction that "one" of the parties should have intended the crime was insufficient and prejudicial. As this error in jury instructions relates to a basic and controlling issue, this Court will intervene in the absence of an objection in the trial court. *People v MacPherson,* 323 Mich 438; 35 NW2d 376 (1949).

The other errors assigned by the defendant warrant no discussion.

Reversed and remanded.

BASHARA, J. *(dissenting).* I respectfully dissent. My examination of the transcript convinces me that the trial judge adequately instructed the jury as to the question of criminal intent. The following appears to be ample indication of the court's charge to the jury. After reading the statute, the judge stated:

"To establish this charge the People must prove each of the following elements beyond a reasonable doubt: First, that the implement or device alleged is a burglar tool or tools. The term 'burglar tools' is an abbreviated definition for a tool or implement adapted and designed for breaking and entering. 'Adapted and designed' means that the tools are not only capable of being used for breaking and entering, but also designed or expressly contrived to be employed for such purpose. Second, that the defendant or defendants knowingly

possessed them. Third, at the time that they were possessed, the defendant knew that they were adapted and designed for the purpose of breaking and entering. Fourth, that at the time he possessed them the defendant specifically intended to use them for breaking and entering a building, vault or other depository. Those are the things that the prosecution must prove to you beyond a reasonable doubt.

"Now, your possible verdicts in this case, members of the jury—and as I have indicated, each of the defendants is entitled to separate consideration of his case. So your possible verdicts then, members of the jury, will be two. Whatever they be, you will have to come in with two verdicts. One as far as Mr. Boone is concerned and one as far as Mr. Rigsby is concerned."

Based on the foregoing, I would affirm defendant's conviction.