PEOPLE v OLSZEWSKI

Docket No. 55697. Submitted March 17, 1982, at Detroit.—Decided
May 26, 1982.

Henry J. Olszewski was convicted of breaking and entering with
intent to commit larceny following a bench trial in Wayne
Circuit Court, Thomas Roumell, J. The prosecution proceeded
on an aiding and abetting theory and introduced evidence
showing that defendant was present at the scene of the crime,
had knowledge that a principal intended to get a gun, and
received some of the guns which were stolen. No direct evi-
dence was presented to show that defendant intended to com-
mit a larceny, that he knew that the others intended to commit
a larceny after breaking into the gunshop, or that he encour-
aged, counseled or assisted the others in the breaking and
entering. The trial court, on those proofs, found that the
defendant participated in a substantial way in the commission
of the crime. Defendant appeals, arguing that the prosecution
failed to offer sufficient evidence to establish the requisite
criminal intent beyond a reasonable doubt. *Held:*

The evidence, when coupled with the permissible inferences
which a trier of fact may draw therefrom, was sufficient to
establish the crime, defendant's participation therein, and the
necessary criminal intent on the part of the defendant.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — AIDING AND ABETTING — BREAKING
   AND ENTERING — SPECIFIC INTENT.

   A conviction for aiding and abetting a breaking and entering
   with intent to commit larceny must be supported by evidence
   that the defendant encouraged, counseled, or assisted another
   in the breaking and entering and either possessed the specific

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 167, 171.
[2] 50 Am Jur 2d, Larceny § 147.
[3] 75 Am Jur 2d, Trial § 556.
[4] 29 Am Jur 2d, Evidence §§ 227, 251.
[5] 5 Am Jur 2d, Appeal and Error § 883.
[6] 30 Am Jur 2d, Evidence § 1170.

intent to commit a larceny at the time of the breaking and entering or knew of the principal actor's specific intent (MCL 750.110, 767.39; MSA 28.305, 28.979).

2. CRIMINAL LAW — EVIDENCE — BREAKING AND ENTERING — LARCENY — CIRCUMSTANTIAL EVIDENCE.

Circumstantial evidence may be used to prove the requisite intent to a charge of breaking and entering with intent to commit larceny (MCL 750.110; MSA 28.305).

3. CRIMINAL LAW — DIRECTED VERDICT — ACQUITTAL.

When ruling on a motion for a directed verdict of acquittal, a court must consider the evidence which had been presented by the prosecution up to the time the motion is made, view that evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

4. CRIMINAL LAW — EVIDENCE — PRESENCE AT SCENE OF CRIME.

Evidence of mere presence at the scene of a crime is, without more, insufficient evidence to convict.

5. CRIMINAL LAW — APPEAL.

The Court of Appeals will not overturn the findings of fact of the trial court following a criminal bench trial unless the Court of Appeals has a definite and firm conviction that the trial court made a mistake.

6. CRIMINAL LAW — EVIDENCE.

The law does not require that there be no doubt about a criminal defendant's guilt, the law only requires that sufficient evidence be adduced to convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Edward Reilly Wilson*, Principal Attorney, Appeals, and *A. George Best, II*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg*), for defendant on appeal.

Before: BRONSON, P.J., and CYNAR and J. R. ERNST,* JJ.

PER CURIAM. After a bench trial conducted in Wayne County Circuit Court on January 2 and 7, 1980, defendant was convicted of breaking and entering with intent to commit larceny, contrary to MCL 750.110; MSA 28.305. On January 21, 1980, defendant was sentenced to a term of from 18 months to 10 years in prison. Defendant appeals as of right.

Defendant first contends that the evidence presented by the prosecution was insufficient to sustain his conviction since the requisite intent was not proven beyond a reasonable doubt. Since the prosecution proceeded on an aiding and abetting theory, MCL 767.39; MSA 28.979, evidence must have been introduced to show that defendant encouraged, counseled, or assisted another in the breaking and entering. *People v Spry,* 74 Mich App 584, 595; 254 NW2d 782 (1977), *lv den* 401 Mich 825 (1977). In addition, the prosecution must prove beyond a reasonable doubt that defendant either possessed the specific intent to commit a larceny at the time of the breaking and entering or knew of the principal actor's specific intent. *People v Rigsby,* 92 Mich App 95, 97; 284 NW2d 499 (1979), *lv den* 408 Mich 879 (1980).

In the present case, the prosecution met its burden of introducing evidence which, if believed, was sufficient to show that on the evening of October 11 or in the early morning of October 12, 1979, a breaking and entering occurred at Tony's Gun Shop located in Brownstown Township. That evidence also indicated that at the time of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

breaking and entering, approximately 15 guns and 2 knives were taken from the shop.

The prosecution introduced evidence of three separate circumstances from which the factfinder might infer the requisite intent: (1) defendant's presence at the scene of the crime, (2) defendant's knowledge that Mr. Donnelly was accompanying the other two men to "get a hold of a gun", and (3) defendant's receipt of some of the stolen goods. No direct evidence was presented at trial to show that defendant intended to commit larceny or knew that Mr. Donnelly intended to commit a larceny after breaking and entering into Tony's Gun Shop. Nor was there direct evidence presented at trial to show that defendant had encouraged, counseled, or assisted Mr. Donnelly in the breaking and entering.

Circumstantial evidence may be used to prove the requisite intent in a charge of breaking and entering with intent to commit larceny. *People v Triplett,* 105 Mich App 182, 189; 306 NW2d 442 (1981). In passing on a motion for dismissal based on the insufficiency of the evidence, this Court must: (1) consider the evidence which had been introduced at the time the motion was made; (2) view that evidence in the light most favorable to the prosecution; and (3) determine whether that evidence, if credible and believed, would justify a reasonable person in concluding that all elements of the crime were established, beyond a reasonable doubt. *People v Royal,* 62 Mich App 756, 757-758; 233 NW2d 860 (1975); *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979).

In the instant case, the uncontroverted evidence presented placed defendant at the scene of a breaking and entering. There is also uncontroverted evidence that defendant received and sold

guns which were taken during that breaking and entering. The defense is that, although defendant was present at the scene of the crime, he did not participate in the offense as a principal or as an accomplice and that, because defendant allegedly remained in the car and slept throughout the actual breaking and entering due to his intoxication, he did not have the requisite specific intent to sustain the charge brought against him.

It is true that "mere presence" at the scene of a crime is insufficient evidence to convict without more. *People v Burrel,* 253 Mich 321, 323; 235 NW 170 (1931). However, in this case, we do not have simply mere presence. Defendant was in the car while the crime was planned and defendant received the stolen property.

Moreover, assuming, *arguendo,* that defendant did remain in the car during the commission of the crime and its planning, defendant may still be found guilty as an aider and abettor. MCL 767.39; MSA 28.979. Specific intent is not required of an aider and abettor if it can be shown that defendant "rendered his aid and assistance to the principal actor with the knowledge that the principal himself possessed the intent necessary to be guilty of the crime". *Rigsby, supra,* 97. The trier of fact, in this case, then, could have determined that defendant had *knowledge* that the principal intended the crime. *Id.* The testimony does not establish that defendant was, in fact, asleep at all times during the crime and its planning. Rather, the testimony on this point is unclear. The trier of fact apparently found that defendant, at a minimum, was awake during the planning or commission of the crime and had encouraged the same. Before this Court will reverse a lower court in a bench trial, we must have a "definite and firm conviction

that the trial court made a mistake". *People v Parney,* 98 Mich App 571, 583; 296 NW2d 568 (1979). We have no such conviction here, and further believe that a rational factfinder could infer guilt beyond a reasonable doubt from the evidence adduced. The court could have reasonably inferred that defendant received some guns as the *quid pro quo* for his participation in the crime and that participation could have included direct participation in the breaking and entering despite conflicitng testimony and lack of eyewitnesses. In *People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974), defendant was convicted of involuntary manslaughter, on the basis of a witness's testimony that he was present when the deceased was taken from his home in a car and later found dumped dead in the street. Here, defendant was not only present at the onset of the crime, but there is direct evidence that he participated in the division of the proceeds of the crime. The trial court could have found, as it did, that, on the basis of this circumstantial evidence, defendant actually participated in the crime as a principal.

This Court cannot observe a defendant's behavior before a trial court nor that of the witnesses. There are many cases where testimony will conflict, where there are no eyewitnesses who will testify for the prosecution, where defendant will deny the charge, and where there will be little or no direct evidence. The trial court must be able, and is able, to make rational inferences based on the demeanor of the witnesses and circumstantial evidence. Here, defendant does not deny that he was present at the scene of a crime, that he was actually in the company of persons who committed the crime, and that he received and sold goods obtained from the crime. Defendant fails to per-

suade us that the evidence was legally insufficient. The law does not require that there be *no* doubt about guilt, only that sufficient evidence be adduced to convince a rational trier of fact that defendant is guilty beyond a reasonable doubt.

Affirmed.