PEOPLE v KARST

Docket No. 71415. Submitted April 11, 1984, at Lansing.—Decided October 16, 1984.

Danny R. Karst was convicted, as an aider and abettor, of breaking and entering an occupied dwelling with intent to commit a larceny, Livingston Circuit Court, Bert M. Hensick, J. Defendant appealed, alleging that the trial court erred in instructing the jury that voluntary intoxication was not a defense to the crime of aiding and abetting with knowledge of the coparticipants' intent and in allowing evidence of a prior conviction to be presented on the issue of defendant's intent and knowledge. *Held:*

1. Voluntary intoxication is not a defense to a charge of aiding and abetting based on the defendant's knowledge of his coparticipants' intent to commit an offense, even a specific intent offense such as breaking and entering with intent to commit larceny. The knowledge element is only a general intent requirement.

2. The circumstances of the charged offense provided the special quality or circumstance necessary to render evidence of the prior similar offense probative of the defendant's intent or knowledge. It is only where evidence of a prior offense is used to prove identity that there must be a commonality of circumstances so distinctive as to be like a signature.

Affirmed.

1. CRIMINAL LAW — AIDING AND ABETTING — INTENT — KNOWLEDGE.

A defendant, to be convicted as an aider and abettor, either must have intended that the offense be committed or have had knowledge that his coparticipant had the requisite intent.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 167.

[2] 13 Am Jur 2d, Burglary § 24.
  21 Am Jur 2d, Criminal Law § 131.

[3] 21 Am Jur 2d, Criminal Law § 155.
  Modern status of the rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.

[4] 29 Am Jur 2d, Evidence § 324.

2. CRIMINAL LAW — BREAKING AND ENTERING — SPECIFIC INTENT.

> Breaking and entering an occupied dwelling with intent to commit a larceny is a specific intent crime.

3. CRIMINAL LAW — DEFENSES — VOLUNTARY INTOXICATION — AIDING AND ABETTING.

> Voluntary intoxication of a defendant is not a defense to a finding that the defendant aided and abetted the commission of a specific intent crime with the knowledge that his coparticipant possessed the requisite specific intent; the element of knowledge is only a general intent requirement.

4. CRIMINAL LAW — EVIDENCE — PRIOR OFFENSE — INTENT — KNOWLEDGE.

> Evidence of a defendant's prior offense is admissible where there is some special quality or circumstance of the crime charged which renders the evidence of a prior crime probative on the issue of the defendant's intent or knowledge; only where the evidence of the prior offense is used to prove identity must there be a commonality of circumstances so distinctive as to be like a signature (MRE 404[b]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Frank R. Del Vero,* Prosecuting Attorney, and *Daniel J. Garber,* Assistant Prosecuting Attorney, for the people.

*David M. Hartsook,* for defendant on appeal.

Before: BRONSON, P.J., and MACKENZIE and J. L. BANKS,* JJ.

PER CURIAM. Defendant appeals as of right his jury conviction of breaking and entering an occupied dwelling with intent to commit a larceny, MCL 750.110; MSA 28.305. Defendant's conviction rested on the prosecution theory that defendant acted as the driver of the getaway car for two other men who actually committed the offense and that defendant was therefore guilty of the offense as an aider and abettor under MCL 767.39; MSA 28.979.

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

To be convicted as an aider and abettor, the defendant either must have intended that the offense be committed or had knowledge that his coparticipant(s) had the requisite intent. *People v Karst,* 118 Mich App 34, 39; 324 NW2d 526 (1982). If the offense is a specific intent crime, then the defendant either must have possessed the requisite specific intent or must have known his coparticipant(s) possessed the requisite intent. Breaking and entering an occupied dwelling with intent to commit a larceny is a specific intent crime. *People v Blankenship,* 108 Mich App 794, 798; 310 NW2d 880 (1981), *lv den* 412 Mich 857 (1981).

At the trial, defendant raised the defense of voluntary intoxication. On appeal, defendant claims that the court erred in instructing the jury, over defendant's objection, that even if they found that defendant did not himself possess the requisite specific intent because of his intoxicated state, defendant could still be convicted as an aider and abettor if they found that defendant had knowledge that his coparticipants possessed the requisite specific intent and that "voluntary intoxication or drunkenness is not a defense to the crime of aiding and abetting with knowledge of the coparticipants' intent". We hold this instruction was proper.

There are two alternative types of aiding and abetting—one where the aider and abettor himself possesses the requisite intent and the other where the defendant has knowledge that his coparticipant possess the requisite intent. In other words, a finding of intent of the part of the defendant is not required for conviction as an aider and abettor if the prosecution in the alternative proves that the defendant acted with knowledge that his coparticipants possessed the requisite intent. *People v Olszewski,* 119 Mich App 455, 459; 326 NW2d 394 (1982). Where the offense is a specific intent crime,

as here, voluntary intoxication of the defendant would be a defense to the first type, aiding and abetting with intent. However, we agree with the trial court that voluntary intoxication of the defendant is not a defense to the second type, aiding and abetting with knowledge, because this knowledge element is only a general intent, not a specific intent, requirement.

In other cases, this Court has reasoned that where the knowledge element of an offense is necessary simply to prevent innocent acts from constituting crimes, the knowledge element is merely a general intent requirement and the offense is not a specific intent crime to which voluntary intoxication is a defense. *People v Watts,* 133 Mich App 80, 83; 348 NW2d 39 (1984); *People v Lane,* 102 Mich App 11, 14-15; 300 NW2d 717 (1980). Applying that rationale to the present case, the acts untertaken by an aider and abettor may be perfectly innocent in themselves, and hence the knowledge element required to convict of the second type of aiding and abetting is merely a general intent requirement imposed to prevent those innocent acts alone from constituting a crime. Therefore, notwithstanding that the substantive offense involved herein is a specific intent crime, defendant's voluntary intoxication was not a defense to conviction as an aider and abettor having knowledge of his coparticipants' possession of the requisite specific intent.

Defendant also argues that the court erred in admitting evidence of defendant's plea-based conviction to a breaking and entering offense which occurred three days prior to the instant offense. In that other breaking and entering offense, defendant acted as the driver of the getaway car, and one of the other men who participated in that offense was also one of the coparticipants in the

instant case. The defense theory in this case was that defendant lacked intent and knowledge of the coparticipants' criminal intent, and the testimony regarding the prior conviction was elicited by the prosecutor on cross-examination of the defense witnesses in order to rebut that defense. After considering the four factors set forth in *People v Golochowicz,* 413 Mich 298, 309; 319 NW2d 518 (1982), we conclude that this evidence was properly admitted under MRE 404(b). Only where evidence of the prior offense is used to prove identity must there be a commonality of circumstances so distinctive as to be like a signature. *People v Golochowicz, supra,* pp 310-311, 325. Here, the proximity in time, defendant's role as the getaway driver, and the involvement of one of the same coparticipants provided the "special quality or circumstance" necessary to render evidence of the prior offense probative on the disputed issue of defendant's intent or knowledge. *People v Golochowicz, supra,* p 309.

We have reviewed the record and defendant's other claims of error, and find them to be without merit.

Affirmed.