PEOPLE *v.* HOWARD

1. Criminal Law—Witnesses—Res Gestae Witnesses.
   Although the prosecution has an affirmative duty to produce all indorsed *res gestae* witnesses, it may be excused from producing these witnesses if it makes a showing of due diligence.

2. Appeal and Error—Witnesses—Waiver.
   The defendant's claim that the prosecution committed error by inquiring into the past criminal record of a defense witness is deemed to have been waived on appeal where no objection was made in the trial court.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 May 5, 1970, at Detroit. (Docket No. 7,808.) Decided June 2, 1970.

Jimmie Lee Howard was convicted of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Olejnik,* for defendant on appeal.

References for Points in Headnotes
[1] 39 Am Jur, Trial § 32.
[2] 5 Am Jur 2d, Appeal and Error § 545.

Before: V. J. Brennan, P. J., and McGregor and Ager,* JJ.

Per Curiam. Defendant was convicted of assault with intent to rob being armed. CL 1948 § 750.89 (Stat Ann 1962 Rev § 28.284). Testimony was introduced at trial to show that on the night the store in question was robbed, the defendant had come into the store, bought a can of beer, and walked out; that several minutes later, two persons (who later were identified as participants in the crime) robbed the store. These two persons left the store and went in the same direction that the defendant had gone earlier. A police officer testified that he was a patrolman with the Detroit police department, and that while he and his partner were patrolling on the night the robbery took place, he saw two men run from the party store with guns in their hands, that these men ran across the street between two buildings, that they entered a car waiting in the alley, and that there was a driver in the car. They then followed the car and arrested the persons therein, including the defendant driver, who had been in the store several minutes before.

Defendant contends that it was error for the prosecution to fail to produce all the indorsed *res gestae* witnesses. Although we agree with defendant that the prosecution has an affirmative duty to produce all indorsed *res gestae* witnesses, the prosecution may be excused from producing these witnesses if it makes a showing of due diligence. *People* v. *Tiner* (1969), 17 Mich App 18, 20. The court in the instant case properly submitted the question of due diligence as to the production of these witnesses to the jury. *People* v. *Kern* (1967), 6 Mich App 406, 410.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The defense next claims that the prosecution committed error by inquiring into the past criminal record of a defense witness. This issue was not raised in the trial court and is deemed to have been waived on appeal. *People* v. *Dailey* (1967), 6 Mich App 99, 101.

Defendant's final contention is that there was insufficient evidence to support the jury's verdict of guilty beyond a reasonable doubt. This contention is without merit. We find there was sufficient evidence produced at trial which, if believed, would support the verdict. *People* v. *Floyd* (1968), 15 Mich App 284, 285.

Conviction affirmed.