PEOPLE *v.* ZALUSKI

1. CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT—CONTINUANCE—DISCRETION.

Allowing the indorsement of three additional *res gestae* witnesses during the first day of trial and refusal of defendant's request for a continuance based upon surprise was not reversible error where the trial court did adjourn the trial for one day and, since the next day was motion day, defendant had two full days to interview the witnesses before they were called upon to testify.

2. CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO PRODUCE— UNSATISFACTORY EXPLANATION—INSTRUCTIONS TO JURY.

Court did not err where the only relief defendant requested for the prosecutor's failure to satisfactorily explain the non-production of a *res gestae* witness was an instruction to the jury that the witness's testimony would be favorable to the defendant and the instruction was given.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 October 6, 1970, at Lansing. (Docket No. 8605.)   Decided December 9, 1970.

Dennis Zaluski was convicted of leaving the scene of a personal injury accident.   Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*I. Goodman Cohen,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  41 Am Jur 2d, Indictments and Informations §§ 56, 60.

Before: Levin, P. J., and T. M. Burns and J. E.
Hughes,* JJ.

Per Curiam. Defendant was found guilty of leav-
ing the scene of a personal injury accident[1] and was
sentenced to serve one to five years in prison. On
appeal defendant contends that the trial court com-
mitted reversible error in permitting the indorse-
ment of certain res gestae witnesses and excusing
the production of other res gestae witnesses.

On the first day of defendant's trial, the people
moved to indorse the names of three witnesses. The
defendant objected and requested a continuance
based upon surprise. The continuance was denied
by the trial court. Defendant contends that the
trial court's action in allowing three witnesses to be
indorsed on the first day of trial and its denial of
the requested continuance constituted an abuse of
discretion and reversible error.

The trial court did adjourn the trial for one day.
Since the next day happened to be motion day,
defendant did have two full days to interview the
witnesses before they were called to testify. It
further appears that only two of the three witnesses
testified. An examination of their testimony reveals
that it was detrimental to the people's case and help-
ful to the defendant. Therefore, even if we were
to find error on the part of the trial court, which
we do not,[2] the error would most certainly be harm-
less.

Defendant also contends that the trial judge erred
when he decided that the people had made a satis-
factory explanation for the non-production of two
indorsed witnesses. However, a review of the rec-

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA §§ 257.617, 257.619 (Stat Ann 1968 Rev §§ 9.2317, 9,2319).
[2] *People* v. *Davis* (1955), 343 Mich 348; *People* v. *Cormandy*
(1969), 16 Mich App 517.

ord by this court reveals that the trial judge made no such decision.

The defendant made no objection to the non-production of the indorsed witnesses. Rather, he desired the court to instruct the jury that the failure of the people to produce the indorsed witnesses permits the jury to assume that the witnesses' testimony would be favorable to the defendant.

It is apparent from reading the transcript that defense counsel was satisfied with the explanation for the non-production of one witness, Arthur Raley. It is also apparent that the assistant prosecutor was willing to concede that the explanation for the non-production of the other witness, Sherry Roman, was inadequate. Therefore, counsel agreed, without any ruling by the court, that the requested instruction would be given as to Sherry Roman only. The trial court gave the instruction as requested.

We agree with the people that there was no reversible error because the objection now made was not voiced below.[3] It is apparent that defendant's trial counsel was satisfied with the explanation for the non-production of Arthur Raley. The only relief that he requested was the instruction referred to because of the non-production of Sherry Roman and that relief was granted.

Affirmed.

---

[3] *People* v. *Lewis* (1970), 26 Mich App 290.