PEOPLE v McGREGOR

CRIMINAL LAW—FINDINGS OF FACT—INFERENCES—PROOF BEYOND REASONABLE DOUBT.

> A finding of guilt in a nonjury trial for breaking and entering with intent to commit larceny was erroneous, where it was based on findings of fact that were determined by a reasoning that since defendants had borrowed a truck a day or two earlier and were found near the plant which was broken into they were the parties who were in possession of the truck when it was loaded with stolen goods; thus the factual premise of possession of stolen property was not the product of direct evidence but of an inference and was reached by leaping from inference to inference which is irreconcilable with the requirement of proof of guilt beyond a reasonable doubt.

Appeal from Cass, James E. Hoff, J. Submitted Division 3 March 6, 1973, at Grand Rapids. (Docket Nos. 11903–11904.) Decided March 22, 1973.

John McGregor and Wayne McGregor were convicted of breaking and entering with intent to commit larceny. Defendants appeal. Reversed and a new trial ordered.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael E. Dodge,* Prosecuting Attorney, for the people.

*Bucknell, Gergely & Foley,* for defendant.

Before: R. B. BURNS, P. J., and T. M. BURNS and PETERSON,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 677.
* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendants were tried without
jury, found guilty of breaking and entering with
intent to commit larceny,[1] sentenced to terms of
imprisonment, and appeal. The people's case was
based entirely on circumstantial evidence. Defend-
ants contend that the trial court erred in weighing
such evidence by drawing an inference of ultimate
fact from another inference.

A wakeful wife roused her husband to observe
suspicious activity near a neighboring factory, the
husband summoned police, and the 4 a.m. arrival
of the police apparently aborted an in-process
burglary. No intruders were found on the prem-
ises, but there were signs of forcible entry. A rear
door and a sliding door, through which a pickup
truck had been backed into the plant, stood open.
The pickup truck, its hood still warm on arrival of
the police, had been loaded with materials belong-
ing to the plant owner. The truck proved to have
been loaned by its owner to the defendants a day
or two earlier and had not been returned by them.
A search around the plant was commenced and
officers found the defendants at about 7:25 a.m. in
a cornfield somewhat over a mile distant there-
from. No direct evidence indicating that defend-
ants were in possession of the truck at the scene of
the crime was adduced at trial.

The trial judge concluded a careful summary of
the testimony with factual findings that: (1) there
was a breaking and entering of the plant with
intent to commit larceny therein; (2) property
belonging to the plant owner was on the truck; (3)
defendants were in possession of the truck; (4)
from defendants' possession of stolen property
could be inferred the further fact that the posses-

---

[1] MCLA 750.110; MSA 28.305.

sors were the thieves. In support of finding (4) the trial court cited authority *(People v May,* 199 Mich 574 [1917]; *People v Quigley,* 217 Mich 213 [1921]; and *People v Tutha,* 276 Mich 387 [1936]) for the proposition that possession of stolen property permits an inference that the possessor is the thief. The trial court concluded:

"Taking into account the total evidence including all reasonable and permissive inferences to be drawn from established facts, I find defendants and each of them guilty as charged."

The difficulty lies in findings (3) and (4) above. There was ample circumstantial evidence to warrant conviction had the trial judge indicated that he found the evidence sufficiently persuasive in logic to compel that determination. As stated, however, his findings demonstrate that his determination was based upon an erroneous application of the rule permitting the inference of guilt to be drawn from a defendant's possession of stolen property. In the instant case the factual premise (that defendants were in possession of stolen property) basic to such logical inference was not the product of direct evidence but rather of another inference, *viz.,* that since defendants had borrowed the truck a day or two earlier and were found near the plant they were the parties who were in possession of the truck when it was loaded with stolen goods shortly before the untimely arrival of the police. The leap from inference to inference is not consistent with good logic, and is irreconcilable with the requirement of proof of guilt beyond a reasonable doubt. *People v Petro,* 342 Mich 299 (1955).

Reversed and new trial ordered.