PEOPLE v DIXON

1. CRIMINAL LAW—WITNESSES—INDORSED WITNESS—PRODUCTION—EX-
CUSE.

    The prosecution may be excused from producing an indorsed non-
    res gestae witness upon a showing that due diligence was
    exercised in attempting to secure the witness for trial.

2. CRIMINAL LAW—WITNESSES—INDORSED WITNESS—PRODUCTION—
DUE DILIGENCE.

    The trial court has the option of determining the question of
    whether the prosecution has shown that due diligence was
    exercised in attempting to secure an indorsed witness for trial
    on its own, or submitting the issue to the jury with the
    instruction that if the jury finds a lack of due diligence, it is
    presumed the testimony of the absent witness would be unfa-
    vorable to the prosecution.

3. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCE.

    The minimum sentence may not exceed two-thirds of the maxi-
    mum when an indeterminate sentence is imposed.

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J. Submitted Division 1 February
6, 1973, at Detroit. (Docket No. 13253.) Decided
April 26, 1973.

John Dixon was convicted of assault with intent
to commit rape. Defendant appeals. Affirmed with
sentence modified.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 469–479.
 58 Am Jur, Witnesses § 3.
[3] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*James A. Sullivan,* for defendant on appeal.

Before: T. M. BURNS, P. J., and BASHARA and ADAMS,* JJ.

PER CURIAM. Defendant was found guilty by a jury of assault with intent to rape. MCLA 750.85; MSA 28.280. He was sentenced to a term of from nine to ten years imprisonment on March 5, 1971 and now appeals.

Of the numerous allegations of error raised by the defendant, only two merit consideration by this Court. They are: (1) Whether the trial court erred by permitting the prosecution to proceed with its case after it had failed to produce an indorsed witness, and (2) Whether defendant's sentence violates the indeterminate sentence act (MCLA 769.8; MSA 28.1080). We will discuss and decide these issues *seriatim.*

I

Where the name of a non-res gestae witness is indorsed on the information, the defendant is entitled to rely on the prosecution's duty to produce that witness. However, notwithstanding the foregoing, the prosecution may be excused from producing an indorsed non-res gestae witness upon a showing that due diligence was exercised in attempting to secure the witness for trial. The trial court has the option of determining the question of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

due diligence on its own or submitting the issue to the jury with the instruction that in the event the jury finds a lack of due diligence on the part of the prosecution, it is presumed the testimony of the absent witness would be unfavorable to the prosecution. *People v Kern,* 6 Mich App 406 (1967); *People v Ivy,* 11 Mich App 427 (1968); *People v Howard,* 24 Mich App 328 (1970).

Here although the name of the investigating officer assigned to the defendant's case was indorsed on the information, the prosecution did not produce the witness at trial. The record indicates that the witness had moved out of the state and her whereabouts were unknown. After evidence of the prosecution's efforts to secure this witness had been presented, the trial court submitted the issue of the prosecution's due diligence to the jury with the admonition that if they found that the prosecution had not exercised due diligence in attempting to locate and obtain the witness for trial, it would be presumed that the testimony of the absent witness would be unfavorable to the prosecution.

Applying the foregoing facts to the principles delineated earlier, it is readily apparent that the trial court properly submitted the question of the prosecution's due diligence to the jury and did not err by thereafter permitting the prosecution to continue with its case.

## II

When an indeterminate sentence is imposed, the minimum may not exceed two-thirds of the maximum. *People v Tanner,* 387 Mich 683 (1972).

In the instant case defendant was sentenced to

an indeterminate term of from nine to ten years imprisonment. This was error.

Therefore in accordance with *Tanner, supra,* and pursuant to GCR 1963, 820.1(7) defendant's minimum sentence is reduced to six years and eight months.

Affirmed.