PEOPLE v GORDON
PEOPLE v BROADEN

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSE-
MENT.

An exception to the general rule requiring indorsement of res
gestae witnesses exists when the testimony of the witness
would be merely cumulative or when the prosecution makes a
showing of due diligence in attempting to produce the witness.

2. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT
OF WITNESSES—INSTRUCTIONS TO JURY—CURATIVE INSTRUC-
TIONS.

Every failure to indorse a res gestae witness and every failure to
exercise due diligence in the production of an indorsed witness
does not require reversal of the conviction; a trial court suffi-
ciently remedied the prosecutor's failure to indorse and produce
a res gestae witness by an instruction to the jury that a
presumption was raised that the missing witness's testimony
would not have been favorable to the prosecution.

3. CRIMINAL LAW—VERDICT—EVIDENCE—ROBBERY.

An appellate court should not disturb the verdict of guilty beyond
a reasonable doubt where sufficient evidence of each element of
the offense existed to support the verdict; however, where the
only evidence against a defendant was that he was found in an
automobile within 15 minutes of a robbery and the fruits of the
robbery were on the floor of the automobile a conviction of
unarmed robbery cannot be sustained.

4. CRIMINAL LAW—AIDING AND ABETTING—ACCOMPLICES—EVIDENCE—
ELEMENTS OF CRIME.

One aids and abets another to commit a crime when the former
takes conscious action to seek to make the criminal venture
succeed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 328.
[3] 67 Am Jur 2d, Robbery §§ 49, 50, 58.
[4] 21 Am Jur 2d, Criminal Law §§ 115–123, 127, 128.
[5] 21 Am Jur 2d, Criminal Law § 118.

5. Criminal Law—Accomplices—Participation—Inferences.

Association with evil men is not sufficient to establish an inference of guilty participation by an alleged accomplice; in order to find a defendant guilty, there must be a showing of his personal fault.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 March 4, 1975, at Detroit. (Docket Nos. 17085, 17086.) Decided April 23, 1975.

Billy Gene Gordon and William C. Broaden were convicted of unarmed robbery. Defendants appeal. Affirmed as to Gordon. Reversed as to Broaden.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Ellen C. Wallaert,* for defendant Gordon on appeal.

*Robert R. Mallory (Carl Ziemba,* of counsel), for defendant Broaden on appeal.

Before: Allen, P. J. and McGregor and M. F. Cavanagh, JJ.

M. F. Cavanagh, J. This appeal considers consolidated cases involving convictions of two defendants of unarmed robbery, MCLA 750.530; MSA 28.798, from the same basic facts. In the mid-afternoon of January 8, 1973, Mrs. Hattie Sue Hill was standing with her 11-year-old daughter Connie at a street corner in Detroit. A silver Mark IV automobile stopped in front of her and one man

jumped out, struck her and grabbed her purse. Before the car sped off, several other people had opportunities to view the perpetrators. Approximately fifteen minutes later, the defendants and another female, Yvonne Brooks, were stopped in a silver Mark IV with a license number matching that taken down by a safety patrol boy at the scene of the robbery, about five blocks away. A police officer found Mrs. Hill's purse lying on the front floor of the car.

This appeal involves two issues: the prosecutor's failure to endorse a res gestae witness and the sufficiency of the evidence for the conviction of defendant Broaden.

At trial it became apparent that another safety patrol boy, Perry Micensky, had witnessed the robbery but had not been endorsed as a res gestae witness on the information. Perry had been brought to the police station after defendants' arrest but had been unable, after a lineup, to identify either of the defendants as the perpetrators of the robbery. The prosecution offered little explanation as to why he had not been endorsed on the information.

Although the existence of this witness was apparently known to defendants' preliminary-exam counsel and trial counsel, no request to endorse or produce this witness was made by the defendants at any time before or during the trial. In his charge to the jury, the trial judge instructed that evidence of the missing res gestae witness must be presumed to be disfavorable to the prosecution:

"Now in this case, members of the jury, a Perry Mysinski (sic) appeared at the lineup in this case but did not identify the defendants. It is the opinion of the Court that he should have been endorsed as a res gestae witness in this case and you should have had the

opportunity to have him testify in person. The people's failure to produce him raises a presumption that his testimony would not have been favorable to the people's case."

Subsequent to his conviction and sentence, defendant Gordon petitioned this Court to remand the case for an evidentiary hearing concerning the prosecutor's failure to produce the res gestae witness. On September 5, 1974, this Court granted the defendant's motion and ordered the hearing, at which Perry Micensky testified that he was eleven years old and was a patrol boy at the corner where Mrs. Hill was robbed. He testified that he witnessed the robbery but at a lineup two days later he could not identify defendant Gordon as the perpetrator. The trial judge concluded that "he could not offer any testimony on retrial of this cause which would differ in any material respect from the testimony adduced at the first trial". Therefore, he denied defendants' motion for a new trial.

Although a defendant's failure to request either endorsement or production of an unendorsed res gestae witness at one time was thought to excuse the prosecutor, that view has seemingly been overruled by the Michigan Supreme Court in *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). See also *People v Koehler,* 54 Mich App 624; 221 NW2d 398 (1974).

An exception to the general rule requiring endorsement of res gestae witnesses exists when the testimony of the witness would be merely cumulative or when the prosecution makes a showing of due diligence in attempting to produce the witness. *People v Bennett,* 46 Mich App 598; 208 NW2d 624 (1973), *lv to app granted,* 390 Mich 772 (1973).

In the present case neither of these exceptions

apply. There has been no showing by the prosecutor of why the witness was not endorsed. Although the witness's testimony concerning the description of the robbery was cumulative, the fact that he had a favorable vantage point and yet was unable to subsequently identify the defendant was relevant testimony. See *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973).

However, the crucial question is whether the remedy chosen by the trial court, an explanative instruction, was sufficient to cure the prosecutor's failure to endorse the witness. Every failure to endorse a res gestae witness and every failure to exercise due diligence in the production of an endorsed witness does not require reversal of the conviction. *People v James,* 51 Mich App 777; 216 NW2d 473 (1974).

In *People v Cornell Harris,* 56 Mich App 267; 224 NW2d 57 (1974), an instruction was given which was similar to the one given in the present case. Nevertheless, this Court reversed the conviction because the prosecution had failed to endorse a witness who had knowledge which would have rebutted important circumstantial evidence presented by the prosecutor. *Harris,* however, does not forbid the use, in all cases, of the adverse presumption instruction to cure the prosecutor's failure to endorse a res gestae witness.

The present case is one where such an instruction does avoid the necessity of a new trial. Much of the witness's testimony would have been detrimental to the defendant. The only favorable evidence was the adverse inference from the fact that he could not identify the defendant in a lineup. A new trial so that the witness could make this simple statement does not seem justified. Considering the fact that defendant could have, but chose

not to, compel the witness's production, the instruction gave the jury every iota of evidence which would have been favorable to the defendant.

We do not hold that such an instruction is sufficient in all cases where a res gestae witness was not endorsed. If the witness's testimony gives complicated or detailed corroboration of the defendant's version of the facts or if the testimony contains complicated or detailed rebuttal of prosecution evidence, the only remedy may be a new trial. Since the present case involves considerably less forceful evidence which was completely presented to the jury in a light favorable to the defendant, the instruction was sufficient. See *People v Dixon,* 46 Mich App 754; 208 NW2d 535 (1973), *People v Zaluski,* 28 Mich App 647; 185 NW2d 198 (1970), and *People v Barker,* 18 Mich App 544, 548–549; 171 NW2d 574 (1969).

The second issue is whether there was sufficient evidence to justify a conviction of defendant Broaden of the offense of unarmed robbery. An appellate court should not disturb the verdict of guilty beyond a reasonable doubt where sufficient evidence of each element of the offense existed to support the verdict. *People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974).

In the present case the only evidence against defendant Broaden was that he was found in the automobile within 15 minutes of the robbery and the fruits of the robbery were on the floor of the automobile near the front seat.

Since the prosecution does not contend that defendant committed the act of the robbery or that he drove the automobile, it must establish inferentially that he somehow aided and abetted the perpetrator. We conclude that to do this, the prosecutor impermissibly pyramided the necessary inferences.

Possession of the fruits of a robbery plus certain other facts and circumstances permits the inference that the possessor is the thief. See *People v Brown,* 42 Mich App 608; 202 NW2d 493 (1972). Arguably, having the goods in his possession at a time and place close to the crime would be a sufficient circumstance. See *People v Rankin,* 52 Mich App 130; 216 NW2d 620 (1974).

The problem arises, however, when one tries to find possession. Riding in the car in which the fruits of the crime were presumably in plain sight on the floor would justify the inference of possession. *Cf. People v Cunningham,* 20 Mich App 699; 174 NW2d 599 (1969).

In order to establish the inference that defendant Broaden participated in the robbery, one must utilize the inference that he possessed the fruits of the robbery. Possession, in turn, is inferred from the defendant's presence in the automobile in which the fruits of the robbery are discovered. The result is impermissibly building one inference upon another. See *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974). We can see no legally significant difference between this case and *People v McGregor,* 45 Mich App 397; 206 NW2d 218 (1973).

Beyond the pyramiding of inferences problem, the evidence is insufficient from a purely common sense approach. One aids and abets another to commit a crime when the former takes conscious action to seek to make the criminal venture succeed. *People v Cooper,* 326 Mich 514; 40 NW2d 708 (1950). There has been no evidence to show that defendant Broaden either knew of his associates' wrongful purpose or took any action to further that purpose. Both elements are required to find aiding and abetting. *People v Poplar,* 20 Mich App 132; 173 NW2d 732 (1969).

Under our system of criminal justice, association with evil men is not sufficient to establish an inference of guilty participation. *People v Blakes,* 382 Mich 570; 170 NW2d 832 (1969). In order to be guilty of a criminal offense, there must be a showing of personal, individualistic fault. See *People v Sobczak,* 344 Mich 465, 470; 73 NW2d 921 (1955).

The conviction of Billy Gene Gordon is affirmed. The conviction of William C. Broaden is reversed.

PEOPLE v TOBEY

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENSE OF ENTRAPMENT
   —SUBJECTIVE TEST—OBJECTIVE TEST—CASE PRECEDENT—PRO-
   SPECTIVE FORCE.

   Instructions to the jury on the defense of entrapment which
   allowed the jury to consider a defendant's predisposition to
   commit the charged offense were proper where the defendant's
   case was concluded prior to a Supreme Court decision which
   rejected the subjective test for the defense of entrapment and
   that decision has prospective force only.

2. CRIMINAL LAW—INFORMANTS—IDENTITY OF INFORMANT—RES GES-
   TAE WITNESSES.

   Refusal of the prosecution to disclose the identity of an infor-
   mant, in a trial for illegal sale of heroin, was proper where the
   informant's only relevant activity was to introduce a police
   officer to the defendant, the informant was not present during
   the events leading up to the sale of heroin, and the informant
   was not a res gestae witness.

3. CRIMINAL LAW—SEPARATE TRIALS—SALE OF HEROIN—SAME TRANS-
   ACTION—DOUBLE JEOPARDY—PREJUDICE—DISCRETION—STAT-
   UTES.

   Denial of a defendant's motion for separate trials on two offenses
   of illegally selling heroin, which occurred 12 days apart and
   were not part of a single transaction for double jeopardy
   purposes, was not an abuse of discretion where the two offenses
   were the same class of crime and carried the same punishment,
   the trial of the offenses together would not involve proof of
   substantially different transactions, the defendant would not be
   confused in his defense or deprived of substantial rights, and

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 727.
[2] 21 Am Jur 2d, Criminal Law § 332.
[3] 21 Am Jur 2d, Criminal Law § 481.
[4] 21 Am Jur 2d, Criminal Law § 368.
[5] 29 Am Jur 2d, Evidence § 436.

evidence of both heroin sales would be admissible at trial even if defendant's motion was granted (MCLA 767.75, 768.27).

4. CRIMINAL LAW—EVIDENCE—CONSTITUTIONAL LAW—SELF-INCRIMI-
NATION—VOICE EXEMPLAR—PHYSICAL PROPERTIES—COMMUNICA-
TIVE CONTENT.

Compelling a defendant to give a voice exemplar does not violate the defendant's Fifth Amendment privilege against self-incrimination where the exemplar is used solely to measure the physical properties of the defendant's voice and not for the testimonial or communicative content of what is said.

5. CRIMINAL LAW—EVIDENCE—SPECTROGRAPH COMPARISON—VOICES—
TAPE RECORDINGS.

The results of a spectrograph comparison of two recorded tapes of voices should not have been admitted into evidence where one of the tapes was made over a telephone and no allowance was made for the effect this would have on the results, the spectrograph itself lacked calibration and proper maintenance, the two tapes were made over nine months apart and the reliability of comparing tapes made this far apart was not established, the tapes were improperly stored, and it was not shown that the condition of the tapes at trial was substantially unchanged from the time when they were made.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 January 7, 1975, at Lansing. (Docket Nos. 18301, 18302.) Decided April 23, 1975. Leave to appeal applied for.

Bradley Tobey was convicted of two counts of illegal sale of heroin. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Lynwood E. Noah,* Assistant Prosecuting Attorney, for the people.

*O'Brien, Moran & Dimond,* for defendant.

Before: DANHOF, P. J., and McGREGOR and D. F. WALSH, JJ.

