Kelly, J.
(dissenting). The Court of Appeals found insufficient evidence to support defendant’s convictions of possessing marijuana and possessing heroin with intent to deliver. The majority on this Court has reversed that ruling, concluding that the panel failed to view the evidence in the light most favorable to the prosecution.
The majority’s decision is plausible only through an exaggeration of the strength of the prosecutor’s evidence and the allowance of stacked inferences. Because I believe that the Court of Appeals correctly found the evidence insufficient, I respectfully dissent.
I also disagree with overruling the “no inference on an inference” rule from People v Atley, 392 Mich 298; 220 NW2d 465 (1974). In erasing that twenty-eight-year-old precedent, the majority has increased the *435 likelihood that future criminal convictions will be based more on speculation than on facts. I would leave Alley intact.
I
The crimes of possession of marijuana and possession with intent to deliver less than fifty grams of heroin both require proof of possession. See MCL 333.7403; People v Wolfe, 440 Mich 508, 516-517; 489 NW2d 478 (1992). The key question in this case is whether, when the evidence is viewed most favorably to it, the prosecution carried its burden of showing knowing possession beyond a reasonable doubt.
In establishing the element of possession,
“[t]he ultimate question is whether, viewing the evidence in a light most favorable to the government, the evidence establishes a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised a dominion and control over the substance.” [Id. at 521, quoting United States v Disla, 805 F2d 1340, 1350 (CA 9, 1986).]
Reasonable inferences can be made from the facts presented, but the trier of fact cannot “indulge in inferences wholly unsupported by any evidence, based only upon assumption.” People v Petrella, 424 Mich 221, 275; 380 NW2d 11 (1985).
The prosecution’s theory in this case was that defendant constructively possessed the marijuana and heroin that police located in an apartment. Constructive possession requires evidence showing that the accused knew about the drugs and could exercise control over them. The fact is that defendant was never found to be present in the apartment in ques *436 tion. She was in a nearby parking lot. Showing that she was in the vicinity was not sufficient to prove that she constructively possessed the drugs. Wolfe, supra at 520.
II
It is without dispute in this case that no evidence directly linked defendant to the drugs. There was no claim that her fingerprints were on the container of marijuana located in a nightstand in a bedroom. Heroin was found in the pocket of someone’s dress in a closet. Cross-examination showed that the police did not attempt to size the dress or in any other way identify it as belonging to defendant. The record did not even show how many people lived in the apartment.
The evidence that was alleged to connect defendant to the drugs, all circumstantial, consisted of (1) one piece of mail addressed to her and found in the mailbox and one piece found in a drawer, which drawer may or may not have contained marijuana, (2) defendant’s presence in a nearby parking lot, and (3) an unidentified dress in a bedroom closet with heroin in the pocket. The majority concludes that the sum of this evidence permits the inferences that defendant lived in the apartment and possessed the marijuana and heroin found there. I disagree.
From the evidence of the letters and defendant’s presence in the parking lot, the jury reasonably could have stretched and inferred that defendant resided in the apartment. This is inference number one. Even viewed in a light most favorable to the prosecution, it is weak. People sometimes have mail sent to an *437 address where they do not live. Among other possibilities, defendant could have come to the parking lot to pick up her mail. The fact that it is such a weak inference takes on great significance when one realizes how much depends on it.
The jury could have inferred that defendant had control over the drawer containing marijuana only on the basis of the inference that she lived in the apartment. From that it could have inferred that she knew of the marijuana and exercised control over it. On the basis of the inference that she lived in the apartment, it could have inferred that the dress in the closet belonged to her. From that it could have inferred that she knew of and possessed the heroin in the dress pocket. These are inferences two, three, four, and five.
But the jury could not have reached the second and fourth inferences without having the first on which to base them. It could not have reached the third and fifth inferences without having the second and fourth on which to base them. Thus, the finding of guilt must be made on the basis of stacked inferences. The evidence fails to sustain the inferences needed to find defendant guilty.
III
In this case, the great value of the Atley “no inference on an inference” rule is that its application leaves no lingering doubt that the evidence will not support the verdict. The rule has received some criticism in case law and from legal scholars, but the majority’s overruling of it today is unwarranted and dangerous.
*438 The rule provides a needed scale on which to weigh inferences. It forces an assessment of whether they are both reasonable and supported by facts introduced in evidence. It deters speculation based on unfounded inferences, making it less likely that a weak case will succeed. In so doing, it reinforces a fundamental principle of criminal law, that guilt must be established beyond a reasonable doubt.
Criticism of the rule should be weighed against the fact that it serves a useful purpose and has done so for decades.[1] The reasoning of the majority in discarding it is unpersuasive.
IV
I agree with Justice Cavanagh’s position that the evidence was not sufficient to prove defendant’s guilt beyond a reasonable doubt. Evidentiary rule MRE 401 defines relevant evidence. The rule does not state that all inferences are permissible. Nor does Michigan case law permit such a conclusion. Rather, inferences must be reasonable. See Petrella, supra. The inferences that must be drawn here respecting defendant’s knowledge of and control over the drugs found in the apartment are not reasonable.
*439 V
No matter how favorably to the prosecution one views the evidence here, a rational factfinder could not conclude beyond a reasonable doubt that defendant constructively possessed the drugs. Application of Alley's “no inference on an inference” rule confirms it. The evidence is too weak to support the convictions. Moreover, the majority’s decision to overrule Atley impedes the proper administration of justice. It removes a safeguard designed and used for decades to prevent a finding of guilt based on speculation, alone.
I would affirm the Court of Appeals conclusion that the evidence is insufficient to support the convictions of possession and possession with intent to deliver. In addition, I would reaffirm the significance and viability of the “no inference on an inference” rule established in Atley.

 The “no Inference on an inference” rule was initially adopted by this Court eighty-four years ago in the context of civil matters. See, e.g., Ginsberg v Burroughs Adding Machine Co, 204 Mich 130; 170 NW 15 (1918). Forty-seven years ago, it was applied to criminal law in People v Petro, 342 Mich 299; 70 NW2d 69 (1955).
Since then, numerous cases have relied on the rule in criminal appeals. See, e.g., People v Blume, 443 Mich 476, 485-486, n 14; 505 NW2d 843 (1993); People v McGregor, 45 Mich App 397; 206 NW2d 218 (1973); People v Smith, 21 Mich App 717; 176 NW2d 430 (1970); People v Eaves, 4 Mich App 457; 145 NW2d 260 (1966).