PEOPLE v RIDEOUT

Docket No. 261233. Submitted September 6, 2006, at Grand Rapids. Decided
    October 26, 2006, at 9:10 a.m. In lieu of granting leave to appeal, the
    decision of the Court of Appeals is reversed in part, 477 Mich ___.
    Kevin J. Rideout was convicted by a jury in the Kent Circuit Court,
    Dennis C. Kolenda, J., of operating a motor vehicle while intoxicated
    or visibly impaired and thereby causing death, MCL 257.625(4), and
    was sentenced to 3 to 15 years' imprisonment. Rideout collided with
    a vehicle driven by Jason Reichelt. The death resulted not from the
    initial collision, but from a third vehicle striking Reichelt's passenger,
    Jonathan Keiser, while Keiser was standing in the roadway next to
    Reichelt's disabled vehicle. Rideout appealed his conviction.

    The Court of Appeals *held*:

    1. The trial court incorrectly stated the law in instructing the
    jury that, for someone's conduct to be a superseding intervening
    cause of a person's death and thereby cut off the defendant's criminal
    liability, the conduct must be the only cause of the death.

    2. There was insufficient evidence to establish that the defen-
    dant's conduct was a proximate cause of Keiser's death. Keiser's
    decision to reenter the roadway after having reached a place of
    apparent safety at the roadside ended the initial chain of causation
    and began a new causal chain for which the defendant was not
    responsible.

    3. The defendant cannot be retried on the charge for which the
    evidence was insufficient; however, this Court can direct the entry of
    a conviction for a necessarily included lesser offense on which the jury
    was instructed. Because it is not clear whether the jury found that the
    defendant caused a death by operating while intoxicated (OWI) or
    operating while visibly impaired (OWVI), the trial court should enter
    a conviction for OWVI and sentence the defendant accordingly, unless
    the prosecutor expresses a preference to try the defendant for OWI.

    Reversed and remanded for further proceedings.

1. CRIMINAL LAW — DRIVING WHILE INTOXICATED CAUSING DEATH — JURY
    INSTRUCTIONS — PROXIMATE CAUSATION.

    A person's conduct need not be the only cause of a death to
    constitute a superseding intervening cause that cuts off a defen-

dant's criminal liability for operating a motor vehicle while intoxicated and thereby causing a death, and instructing a jury otherwise is error requiring reversal (MCL 257.625[4]).

2. CRIMINAL LAW — DRIVING WHILE INTOXICATED CAUSING DEATH — SUFFICIENCY OF THE EVIDENCE — PROXIMATE CAUSATION.

In cases in which death results from a defendant's operation of a motor vehicle while intoxicated, there is insufficient evidence that the defendant proximately caused a person's death if that person was killed after having reached a position of apparent safety, then returned to a dangerous position, because that voluntary act ended the initial causal chain and started a new one for which the defendant was not responsible (MCL 257.625[4]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

*Haehnel & Phelan* (by *Freeman M. Haehnel*) for the defendant.

Before: SAWYER, P.J., and FITZGERALD and O'CONNELL, JJ.

SAWYER, P.J. Defendant was convicted, following a jury trial, of operating a motor vehicle while intoxicated (OWI) or while visibly impaired (OWVI) and thereby causing death.[1] He was sentenced to serve 3 to 15 years in prison. He now appeals and we reverse and remand.

At 2:00 a.m. on November 23, 2003, defendant was driving his sport utility vehicle (SUV) east on 17 Mile Road in northern Kent County. He attempted to turn north onto Edgerton Avenue and drove into the path of an oncoming car driven by Jason Reichelt. Reichelt's car hit defendant's SUV and spun 180 degrees, coming to rest on the centerline of 17 Mile Road. The SUV came

---

[1] MCL 257.625(4).

to rest on the side of the road. It was later determined that defendant had a blood alcohol concentration of 0.16, which is twice the legal limit.[2]

Reichelt and his passenger, Jonathan Keiser, were not seriously injured, but Reichelt's car was severely damaged and the headlights stopped working. Both men left the car and walked to the SUV to determine if anyone was injured. After speaking briefly with defendant, the two men walked back to Reichelt's car. Reichelt indicated that he was aware that oncoming cars could hit his darkened car and that he wanted to determine if he could turn on the flashers. As Reichelt and Keiser stood by the car, an oncoming car driven by Tonya Welch hit Keiser, killing him.

At the center of this appeal is the issue of causation. Defendant argues that not only did the trial court improperly instruct the jury on causation, there was also insufficient evidence of causation to establish defendant's guilt. Because the two issues are intertwined with the question of what must be proven to establish causation in such a case, we shall analyze both issues together beginning with a determination of what the prosecutor must show to establish causation.

As the Supreme Court discussed in *People v Schaefer*,[3] causation consists of two components:

> In criminal jurisprudence, the causation element of an offense is generally comprised of two components: factual cause and proximate cause. The concept of factual causation is relatively straightforward. In determining whether a defendant's conduct is a factual cause of the result, one must ask, "but for" the defendant's conduct, would the result have occurred? If the result would not have occurred absent the defendant's conduct, then factual causation exists.

---

[2] See MCL 257.625(1)(b).

[3] 473 Mich 418; 703 NW2d 774 (2005).

> The existence of factual causation alone, however, will not support the imposition of criminal liability. Proximate causation must also be established. As we noted in [*People v*] *Tims*[, 449 Mich 83, 96; 534 NW2d 675 (1995)], proximate causation is a "legal colloquialism." It is a legal construct designed to prevent criminal liability from attaching when the result of the defendant's conduct is viewed as too remote or unnatural. Thus, a proximate cause is simply a factual cause "of which the law will take cognizance."[4]

We initially note that there is no dispute at this point that defendant was intoxicated and that his driving was the cause of the initial accident.[5] Furthermore, there is no argument that defendant's driving was the factual or "but-for" cause of the second accident. This analysis is relatively straightforward: but for defendant causing the initial accident, the subsequent accident would not have occurred.

Of course, factual causation is relatively easy to establish. As the court in *Welch v State* observed, "[m]ankind might still be in Eden, but for Adam's biting an apple."[6] But the question whether defendant is the proximate cause of the subsequent accident, and thus of the victim's death, is not so easily resolved. *Schaefer* discussed this requirement in further detail:

> For a defendant's conduct to be regarded as a proximate cause, the victim's injury must be a "direct and natural result" of the defendant's actions. In making this determination, it is necessary to examine whether there was an

---

[4] *Schaefer, supra* at 435-436, quoting 1 Torcia, Wharton's Criminal Law (15th ed), § 26, pp. 147-148.

[5] *Schaefer, supra* at 434-435, clarified that, under MCL 257.625(4), it must be shown that defendant was driving while intoxicated and that his driving caused the death, but the prosecutor does not have to show that it was defendant's intoxicated driving that caused the death.

[6] 45 Ala App 657, 659; 235 So 2d 906 (1970).

intervening cause that superseded the defendant's conduct such that the causal link between the defendant's conduct and the victim's injury was broken. If an intervening cause did indeed *supersede* the defendant's act as a legally significant causal factor, then the defendant's conduct will not be deemed a proximate cause of the victim's injury.

The standard by which to gauge whether an intervening cause supersedes, and thus severs the causal link, is generally one of reasonable foreseeability. For example, suppose that a defendant stabs a victim and the victim is then taken to a nearby hospital for treatment. If the physician is negligent in providing medical care to the victim and the victim later dies, the defendant is still considered to have proximately caused the victim's death because it is reasonably foreseeable that negligent medical care might be provided. At the same time, *gross* negligence or intentional misconduct by a treating physician is not reasonably foreseeable, and would thus break the causal chain between the defendant and the victim.

The linchpin in the superseding cause analysis, therefore, is whether the intervening cause was foreseeable based on an objective standard of reasonableness. If it was reasonably foreseeable, then the defendant's conduct will be considered a proximate cause. If, however, the intervening act by the victim or a third party was not reasonably foreseeable—e.g., *gross* negligence or intentional misconduct—then generally the causal link is severed and the defendant's conduct is not regarded as a proximate cause of the victim's injury or death.[7]

With these basic principles in mind, we conclude that the trial court improperly instructed the jury on the issue of proximate cause. We review claims of instructional error de novo.[8] The trial court is required to instruct jurors on "all elements of the crime charged and must not exclude consideration of material issues,

---

[7] *Schaefer, supra* at 436-437, quoting *People v Barnes,* 182 Mich 179, 198; 148 NW 400 (1914).

[8] *People v Kurr,* 253 Mich App 317, 327; 654 NW2d 651 (2002).

defenses, and theories for which there is supporting evidence."[9] Instructions are to be read as a whole and not piecemeal to determine if error requiring reversal occurred.[10] "It is error for the trial court to give an erroneous or misleading jury instruction on an essential element of the offense."[11]

The trial court gave detailed and extensive instructions on factual causation, including reinforcement of the concept that defendant had to be "a" cause of the accident, but not necessarily "the" cause of the accident. But the trial court's instructions on proximate cause and superseding intervening causes were virtually nonexistent. The trial court did implicitly touch on the issue of proximate cause when it instructed the jury that one of several causes "is a substantial factor in causing a death if, but for that cause's contribution, the death would not have occurred, unless the death was an utterly unnatural result of whatever happened." But the instructions also told the jury that another cause could be a superseding cause only if it was the sole cause:

> Now it also necessarily follows that somebody else's conduct, for example, by Mr. Keiser, or by some third party, even if that other conduct was wrong or itself negligent, does not cut off criminal liability unless the other cause was the only cause. Obviously, if somebody else's conduct was the only reason Mr. Keiser died, then it can't possibly be something to which Mr. Rideout contributed.

This is not a correct statement of the law. A superseding intervening cause does not need to be the only cause. Indeed, as the Court noted in *Schaefer*, while the defendant's conduct in that cause was a factual cause of

---

[9] *Id.*

[10] *Id.*

[11] *People v Petrella*, 424 Mich 221, 277; 380 NW2d 11 (1985).

the accident, the victim's conduct may also have been a cause and, more to the point, potentially a superseding cause.[12] The effect of the trial court's instructions was that the jury could convict defendant if they found him to be a factual cause of the accident and that the jury could find the existence of a superseding intervening cause only if that superseding intervening cause was the only cause of the second accident. The jury was not adequately instructed on the issues of proximate and intervening causes.[13]

This conclusion is enough to set aside defendant's conviction, with directions to the trial court to properly instruct the jury on the causation issue. But we agree with defendant that the problem in this case goes even deeper, because there was insufficient evidence to establish proximate cause at all. We review a claim of insufficient evidence in a criminal trial de novo.[14] We view the evidence in a light most favorable to the prosecution to determine if a rational trier of fact could find beyond a reasonable doubt that the essential elements of the crime were established.[15]

The troubling aspect of this case is that the second accident only occurred after Keiser had reached a position of safety (the side of the road) and then chose to reenter the roadway with Reichelt to check on the car. While foreseeability is the "linchpin" of the superseding causation analysis,[16] and it is at least arguably foreseeable that a person involved in an accident would

---

[12] *Schaefer, supra* at 445.

[13] The fact that the jurors struggled with the issue of causation is reflected by the fact that they sent questions on the issue to the trial court during deliberations.

[14] *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002).

[15] *People v Tombs*, 472 Mich 446, 459; 697 NW2d 494 (2005).

[16] *Schaefer, supra* at 437.

check on his or her vehicle even if it remains on the road, the analysis does not end there. As Professor Dressler discusses in *Understanding Criminal Law* (3d ed),[17] there is no universal test for determining if an intervening cause is also a superseding cause:

> One early twentieth century scholar observed that all efforts to set down universal tests that explain the law of causation are "demonstrably erroneous." [Jeremiah Smith, *Legal Cause in Actions of Tort*, 25 Harv L R 223, 317 (1912).] There are no hard-and-fast rules for determining when an intervening cause supersedes the defendant's conduct. However, there are various factors that assist the factfinder in the evaluative process.

Indeed, Dressler[18] points out that to say that foreseeability is the "linchpin" is "a slight overstatement," though it is of great significance. Rather, Dressler[19] discusses six factors to be considered in determining if an intervening cause is a superseding cause.

Of the six factors discussed by Dressler, three are not relevant here. They are the (1) *de minimis* contribution to social harm factor, (2) the intended-consequences doctrine, and (3) the omissions factor.[20] The foreseeability factor is relevant here, but its application is less than clear. As Dressler points out, a responsive intervening cause will establish proximate cause, while a coincidental intervening cause will not unless it was foreseeable.[21] In discussing responsive intervening causes, Dressler points to the examples of a passenger in a capsized boat drowning while attempting to swim to shore and a wounded victim being negligently treated

---

[17] Section 14.03[C][1], p 189.

[18] *Dressler, supra,* § 14.03[C][3][a], p 189.

[19] *Id.* at § 14.03[C], pp 189-194.

[20] *Id.*

[21] *Id.* at § 14.03[C][3][b-c], pp 190-191.

and dying. That is, the harm results from actions taken in response to the defendant's conduct. A coincidental intervening cause would exist, for example, where the defendant's conduct put the victim in the "wrong place at the wrong time," such as an assault victim who is attacked by a "knife-wielding maniac" while waiting in the emergency room for treatment of the initial wounds.[22]

Whether the intervening cause is responsive or coincidental in the case at bar is arguable at best. On the one hand, the victim reentering the roadway to check on the vehicle was in direct response to the accident, though not in direct response to defendant's having driven. On the other hand, Welch's driving down the road when she did was entirely coincidental.

In our view, Keiser's decision to reenter the roadway renders the foreseeability factor of little value to the analysis. Rather, that decision directly involves the two remaining factors identified by Dressler that are present here. Those two factors, we believe, compel the conclusion that the intervening cause of the second accident was also a superseding cause.

First, there is the apparent-safety doctrine, which Dressler describes as follows:

> One scholar has observed that when a "defendant's active force has come to rest in a position of apparent safety, the court will follow it no longer." [Joseph H. Beale, *The Proximate Consequences of an Act*, 33 Harv L R 633, 651 (1920).] For example, consider a somewhat simplified version of the facts in *State v Preslar* [48 NC 421 (1856)]: *D* threatened the life of *V*, his spouse. As a consequence, *V* was forced to leave the house on a freezing night in order to protect herself. *V* walked to within 200 yards of her father's home, where she would have been welcome, but she chose

---

[22] *Id.*

to spend the night in the extreme cold, rather than bother her father by entering the house. *V* froze to death during the night. Clearly, *D* was an actual cause of *V*'s death: but for *D*'s threatening conduct, *V* would not have gone out into the cold. But, *V*'s decision to sleep outside was also a but-for cause of her own death. Is *D* the proximate cause of *V*'s death? The court in *Preslar* answered this question in the negative.

The result may be explained in terms of the apparent-safety doctrine. *D* did not follow *V* from their home. When *V* reached the vicinity of her father's house, she knew that she could enter and be free from immediate harm. Therefore, her decision to sleep outside constituted a superseding intervening cause.[23]

Similarly, in the case at bar, Keiser had reached a position of apparent safety: he had gotten out of the vehicle and was alongside the road, off the pavement. Had the second accident occurred before Keiser could extricate himself from the Reichelt vehicle and get to the side of the road, then the causal chain would have been intact. But he was able to get out of harm's way and to a relatively safe position at the side of the road. He then made the choice to return to the roadway and place himself in a more dangerous position. Like the victim in *Preslar*, Keiser made a decision regarding his actions after the immediate danger was over. And that decision, like the decision in *Preslar*, ended the initial causal chain and started a new one, one for which defendant was not responsible.

The point of a person making a decision brings us to the remaining factor discussed in Dressler, that of voluntary human intervention:

A defendant is far more apt to be relieved of criminal responsibility in the case of a "free, deliberate, and informed" [Hart & Honore, Causation in the Law (2d ed

---

[23] *Id.* at § 14.03[C][5], pp 192-193.

1985), p 326]—a voluntary, knowing, and intelligent—human agent than in the case of an intervention of a natural force or the actions of a person whose conduct is not fully free. The result in the *Preslar* case, described [above], can be explained in terms of this factor. *V* chose to sleep in the cold rather than to enter her father's home. Her decision was free, deliberate, and with full knowledge of the fact that it was exceedingly cold outside. Under these circumstances, the responsibility for her death is shifted from *D* to *V*. This outcome is consistent with the retributive principle that accords special significance to the free-will actions of human agents.[24]

Similarly, in the case at bar, Keiser made the voluntary decision to return to the vehicle on the roadway, despite the danger that it posed. He could have chosen to remain on the side of the road. He chose instead to reenter the roadway, with the danger of standing in the roadway next to an unlit vehicle in the middle of the night being readily apparent.

In sum, we conclude that the prosecution failed to present sufficient evidence to establish that defendant's actions were a proximate cause of Keiser's death. Therefore, we vacate defendant's conviction for OWI/OWVI causing death.

There remains the problem of the remedy. Under *People v Randolph*,[25] while defendant cannot be retried on the charge for which we found insufficient evidence, we can direct the entry of a conviction for a necessarily included lesser offense on which the jury was instructed. In this case, the jury was instructed on two lesser offenses: operating a motor vehicle while under the influence of intoxicating liquor[26] and operating a

---

[24] *Id.* at § 14.03[C][6], p 193.

[25] 466 Mich 532, 552-553; 648 NW2d 164 (2002).

[26] Before the offense date in this case, the Legislature had replaced the crime of operating under the influence of intoxicating liquor with

motor vehicle while visibly impaired (OWVI).[27] A charge of OWI/OWVI causing death may be based on the commission of either of those offenses. MCL 257.625(4). Therefore, in convicting defendant of OWI/OWVI causing death, the jury of necessity had to find that defendant was either operating while intoxicated or operating while visibly impaired. But the nature of the verdict form renders it impossible to determine which of the two the jury found to be the case. Accordingly, we believe that the appropriate remedy is to direct the trial court to enter a conviction for the lesser offense, OWVI, and to sentence defendant for that offense. If the prosecutor believes that a conviction on the greater offense of OWI[28] would better serve the interests of justice, he may, at any time before sentencing, inform the trial court that he wishes to try defendant on a charge of OWI instead of a conviction being entered under MCL 257.625(3).

In light of our resolution of the above issues, we need not decide defendant's remaining issue.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

operating while intoxicated. The older terminology was used in the jury verdict form, although the judge's instructions employed the newer terminology.

[27] MCL 257.625(3).

[28] MCL 257.625(1).